# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **CLEVELAND BROWNS FOOTBALL COMPANY, LLC,** | : | Case No. 1:24-cv-01857 |
| | : | |
| Plaintiff, | : | Judge David A. Ruiz |
| | : | |
| vs. | : | |
| | : | |
| **THE CITY OF CLEVELAND,** | : | |
| | : | |
| Defendant. | : | |

## THE STATE OF OHIO'S MOTION TO INTERVENE

The State of Ohio moves to intervene in this case. At the heart of the case is Ohio Revised Code Section 9.67, which is designed to protect Ohio taxpayers' investment into professional sports teams. Though the Plaintiff challenges the constitutionality of this Ohio law, they have not made the State, or any of its agencies, officers, or employees, a party to the lawsuit. Under these circumstances, 28 U.S.C. § 2403(b) guarantees the State of Ohio, through Attorney General Yost, the right to intervene and defend the constitutionality of Ohio Rev. Code §9.67. But even if Ohio did not have a statutory right to intervene—and it does—it would still be permitted to intervene pursuant to Fed.Civ.R. 24(a)(2).

For the foregoing reasons, and as set forth in the attached memorandum in support, the State of Ohio respectfully requests that this motion be granted so that it may be heard to defend the constitutionality of Ohio law.

Respectfully submitted,

DAVE YOST
OHIO ATTORNEY GENERAL

*/s/ Bridget C. Coontz*

Bridget C. Coontz (0072919)
Chief Counsel and Ethics Officer
Bridget.coontz@ohioago.gov
Samuel C. Peterson (0081342)
Deputy Solicitor General
Ohio Attorney General
30 East Broad Street, 17th Floor
Columbus, Ohio 43215
Tel: 614-728-2035
bridget.coontz@OhioAGO.gov

*Counsel for the State of Ohio*

## **INTRODUCTION**

Federal law guarantees the State of Ohio the right to intervene and defend the state statute at issue here. By way of background, Plaintiff Cleveland Browns Football Company, LLC ("the Browns" or "Team") bring this action against the City of Cleveland ("City") relative to its stated desire to stop playing football at Huntington Bank Field ("HBF"). *See generally, Complaint,* ECF Doc. No. 1. The City owns HBF. It currently has a lease with StadCo,, a Browns affiliate, which allows the Browns to play most of its home games at HBF. *Id.*, PAGE ID Nos. 7, ¶ 27. The Browns will continue to play at HBF until the lease expires in 2029. *Id.* Thereafter, the Team intends to pursue building a new domed stadium in Brook Park, Ohio. *Id.*, ¶ 7. The City opposes the move and has stated an intent to require the Browns to comply with Ohio Rev. Code §9.67. *Id.*, ¶ 11.

HBF is a tax-supported facility to which Ohio Rev. Code §9.67 applies. This means that before the Browns can stop playing there, the Team must comply with certain statutory requirements. The contours of those requirements are not at issue for purposes of this motion to intervene. But broadly speaking, they require that a professional sports team which reaps the

benefits of a tax-supported facility take certain steps before it can cut and run. The Ohio General Assembly passed Ohio Rev. Code §9.67 to protect public money. This lawsuit seeks to strike down those protections.

Specifically, the Browns claim that on its face and as applied to the Browns, Ohio Rev. Code §9.67 is unconstitutionally vague (Count One) and violates Art. I, § 8 of the U.S. Constitution, the dormant Commerce Clause (Count Two), Art. I, § 10 of the U.S. Constitution, the Contract Clause (Count Three), and Art. I, § 2 of the U.S. Constitution, the Privileges and Immunities Clause (Count Four). Doc. No. 1, ¶¶ 37-89. They are wrong. But because the Team has named only the City as a defendant in this suit and, absent intervention, the State of Ohio will have no ability to defend the law. Federal law prevents this result. 28 U.S.C. § 2403(b) grants the State the right to intervene and defend the constitutionality of Ohio Rev. Code §9.67. In the alternative, Fed.Civ. R. 24(a)(2) gives Ohio the right to intervene to defend its duly enacted law— and by extension—its taxpayers' investment. This motion should be granted.

## LAW AND ARGUMENT

**1. Ohio has a right to intervene in this case.**

    **a. 28 U.S.C. § 2403(b) guarantees Ohio the right to intervene.**

Ohio has a federal statutory right to intervene in this case. The Court must therefore allow the State to intervene under Fed.Civ.R. 24(a)(1), which requires that intervention be granted when a party is "given an unconditional right to intervene by a federal statute." "The importance of ensuring that States have a fair opportunity to defend their laws in federal court has been recognized by Congress." *Cameron v. EMW Women's Surgical Ctr., P.S.C.* 595 U.S. 267, 278 (March 3, 2022). It has done so through 28 U.S.C. § 2403(b) ("Statute"), which provides:

3

> "In any action, suit or proceeding in a court of the United States to which a State or any agency, officer, or employee thereof is not a party, wherein the constitutionality of any statute of that State affecting the public interest is drawn in question, the court shall certify such fact to the attorney general of the State, and shall permit the State to intervene for presentation of evidence, if evidence is otherwise admissible in the case, and for argument on the question of constitutionality.

When the Statute is triggered, the State "must be allowed to intervene." *Id., citing,* Fed.Rule Civ.Proc. 24(a)(1); *and see Suhar v. Land (In re Land)*, 289 B.R. 71 (Feb, 18, 2003), *citing* 28 U.S.C. § 2403(b) ("Certifying issues to the Attorney General provides the state an opportunity to present evidence and argument on the questions of constitutionality.").

Here, 28 U.S.C. § 2403(b) has been triggered and easily satisfied. Neither the State of Ohio, nor any of its agencies, officers or employees is a party to this case, and this case calls into question the constitutionality of Ohio Rev. Code §9.67. Intervention is required. The fact that the City *is* a defendant does not alter that conclusion. Where the State has been left out of a constitutional challenge, the Statute guarantees it the right to intervene. *See Chernin v. Welchans*, 110 F.R.D. 260 (N.D. Ohio Mar. 31, 1986) (requiring district court to certify challenge to constitutionality of statute to the attorney general where a municipal employee was the only defendant). Ohio has a federal statutory right to intervene and defend the constitutionality of Ohio Rev. Code §9.67, and this motion should be granted.

### b. Intervention as of right is appropriate under Fed. Civ. R. 24(a)(2).

Even if there were not a solid statutory basis for intervention (and there is) the State of Ohio would still have a right to intervene under Fed.Civ.R. 24(a)(2). In the absence of a statute a third party may qualify for intervention as of right if it can establish the following: "(1) timeliness of application; (2) a substantial legal interest in the case; (3) impairment of the applicant's ability to protect that interest in the absence of intervention; and (4) inadequate representation of that interest by parties already before the court." *Northeast Coalition for the Homeless v. Blackwell*,

4

467 F.3d 999, 1007 (6th Cir. 2006) (citing *Mich. State AFL-CIO v. Miller,* 103 F.3d 1240, 1245 (6th Cir. 1997)). Turning to the first two factors, this motion is timely because this case was just recently filed, and the State's legal interest in defending its statutes is well-settled. *See, Cameron,* 595 U.S. at 278 (recognizing a State's "weighty interest in protecting its own laws").

The last two elements supporting intervention are also easily met. The burden of showing impairment of an interest is minimal and is met if the applicant shows "'that representation of his interest 'may be' inadequate.'" *Id., citing Trbovich v. United Mine Workers of Am.,* 404 U.S. 528, 538, n. 10 (1972) (citation omitted). The burden is so low that in *NEOCH* the Sixth Circuit held that the Attorney General had a right to intervene on behalf of the State of Ohio to defend the constitutionality of a statute even when Ohio's Secretary of State was already a defendant in the case. *Id.* It reached that conclusion because the Secretary's primary interest was in ensuring the smooth administration of the election, while the State and the General Assembly had an independent interest in defending the validity of Ohio laws more generally. *Id.* at 1008. The fact that the state defendants did not have "the same ultimate objective" was sufficient to confer upon the State the right to intervene. *Id.*

Here, there are no State of Ohio defendants present in the case at all. Absent intervention, Ohio has no ability to defend the constitutionality Ohio Rev. Code §9.67, and the City does not necessarily have the same interest in doing so. That is, while the City may have an interest in availing itself of the protections Ohio Rev. Code §9.67, it has no interest—or role—in protecting its constitutionality outside the City limits. The State does, and it has a right to intervene in order to do so.

## **CONCLUSION**

The Browns are challenging the constitutionality of Ohio Rev. Code §9.67, and the State of Ohio has a right to be present to defend it. Ohio Attorney General Yost respectfully requests this motion be granted.

DATED: October 31, 2024

                                              Respectfully submitted,

                                              */s/ Bridget C. Coontz*

                                              Bridget C. Coontz (0072919)
                                              Chief Counsel and Ethics Officer
                                              Bridget.coontz@ohioago.gov
                                              Samuel C. Peterson (0081342)
                                              Deputy Solicitor General
                                              Ohio Attorney General
                                              30 East Broad Street, 17th Floor
                                              Columbus, Ohio 43215
                                              Tel: 614-728-2035
                                              bridget.coontz@OhioAGO.gov

                                              *Counsel for the State of Ohio*

## **CERTIFICATE OF SERVICE**

      I certify that a copy of the foregoing was filed electronically on October 31, 2024 using the Court's ECF system and sent to the following via email:

Mark Griffin, Esq.
Law Director, City of Cleveland
601 Lakeside
Cleveland, Ohio 441144
Via email:

Kip T. Bollin, Esq.
Kyle A. Hutnick, Esq.
Robert F. Ware, Esq.
Thomas M. Ritzert, Esq.
Anthony C. White, Esq.
Thompson, Hine – Cleveland
3900 Key Tower
127 Public Square
Cleveland, Ohio 441144
Via Email:
Kip.bollin@thompsonhine.com
Kyle.hutnick@thompsonhine.com
Robert.ware@thompsonhine.com
Thomas.ritzert@thompsonhine.com
Anthony.white@thompsonhine.com

                                               */s/ Bridget C. Coontz*

                                               Bridget C. Coontz (0072919)
                                               Chief Counsel

                                               *Counsel for the State of Ohio*