# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **CLEVELAND BROWNS FOOTBALL COMPANY LLC,** | ) Case No. 1:24-cv-01857 <br> ) <br> ) **Judge David A. Ruiz** |
| **Plaintiff,** | ) |
| vs. | ) |
| **THE CITY OF CLEVELAND,** | ) |
| **Defendant,** | ) |
| **STATE OF OHIO,** | ) |
| **Intervenor.** | ) |

### PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT THE CITY OF CLEVELAND'S SECOND REQUEST FOR A 30 DAY EXTENSION OF TIME

Cleveland Browns Football Company LLC (the "Browns") opposes the City of Cleveland's (the "City") second request for an additional 30 days to respond to the claims set forth in this action (the "Motion") [ECF Doc #20], and for the reasons set forth herein requests that the Court deny the motion or grant at most a one-week extension.

### 1. *The Browns Have Consented to an Additional One-Week Extension.*

The Browns do not object to a minor additional continuance of the City's time to respond, and indeed offered to consent to an additional week to respond to the Amended Complaint, despite the City having previously taken a 30-day extension (also with the Browns' consent). Given the length of time the case has already been pending and the urgency of the issues presented before this Court, another 30-day extension is inappropriate, and the Court should permit the City at most an additional week to respond.

### 2. *Further Delay Will Prejudice the Interests of the Northeast Ohio Public and the Browns.*

It is in the public interest – for Browns' fans, residents of Northeast Ohio, the City, the City of Brook Park, as well as the Browns – for this matter to proceed expeditiously. As has been widely reported, the potential development of a domed stadium and surrounding development in Brook Park involves a $3 billion undertaking that is expected to create $1.2 billion in annual direct economic output for the region. The plans and arrangements for this project are underway so that the stadium development can be complete prior to the expiration of the lease for the current stadium in downtown Cleveland. Absent certainty as to the Browns' rights and obligations with respect to the current stadium facilities, many important stakeholders in the project will be reluctant to proceed with this substantial undertaking. Every day added to the City's response deadline prolongs the Court's consideration of the issues presented before it, thereby prejudicing the Browns and the Northeast Ohio community at large.

### 3. *The City Has Not Demonstrated a Legitimate Need or Good Cause For Another Extension.*

Conversely, denying the City yet another full month to respond prejudices no one. This matter has already been proceeding for nearly two months without the City responding in any substantive way to the Browns' claims. The Browns' original Complaint for Declaratory Judgment (the "Complaint") [ECF Doc #1] was filed on October 24, 2024. The City was promptly served the very next day [ECF Doc #7]. The Complaint asserted six causes of action.  On November 14, with the Browns' agreement, the City requested its first 30 day extension of time to respond to the Complaint [ECF Doc #10]. On November 15, 2024, the Browns filed its Amended Complaint for Declaratory Judgment (the "Amended Complaint") [ECF Doc #12], which streamlined the claims

at issue from six causes of action to four. That same day, this Court granted the City's unopposed request for an extension of time and set the City's response date for December 16, 2024.

Now, despite having notice of the Browns' claims for nearly two full months, and a streamlined four-count pleading to respond to, the City requests yet another 30-day extension of time to respond. If granted, the City will have taken 85 days to respond to the Browns' claims. There is no justification for such delay in responding, particularly given the City Law Director's statement that the City was researching the matters at issue in this case as early as October 22, 2024, before the Browns even filed the original Complaint.[1]

The recent appearance for the City by outside counsel similarly does not support the amount of additional time requested by the City to respond. As an initial matter, according to the City Law Department's own website, the City's in-house legal department "consists of nearly 100 employees" and its "attorneys are some of Cleveland's best legal minds with an array of backgrounds and experiences."[2] Moreover, the City has had almost two months to secure outside counsel for this matter, and it cannot claim to be prejudiced by a delay that it brought about itself. The City should not be permitted to cause further delay now to the detriment of an important development project impacting all of Northeast Ohio.

In short, the City has failed to show any good cause for an additional extension as contemplated by Fed. R. Civ. P. 6(b)(1)(A). Granting the full amount of time requested would prejudice the Browns and the community at large. The Browns are amenable to the City taking an additional week, to December 23, 2024, to respond to the Amended Complaint, but object to any further extension beyond that. The Browns hope to move this matter forward expeditiously and

---

[1] See Complaint, ECF Doc #1 at Paragraph 11.

[2] See https://www.clevelandohio.gov/city-hall/departments/law (last accessed December 12, 2024).

3

proceed as soon as possible with their efforts to benefit Northeast Ohio and the Team's fans with its vision for a domed stadium following the expiration of the lease for the current facilities in 2029.

                                        Respectfully submitted,

                                        */s/ Anthony C. White*
Anthony C. White (0062146)
Robert F. Ware (0055515)
Kip T. Bollin (0065275)
Thomas M. Ritzert (0085370)
Kyle A. Hutnick (0095673)
THOMPSON HINE LLP
3900 Key Center
127 Public Square
Cleveland, OH 44114
Phone: (216) 566-5500
Fax: (216) 566-5800
Tony.White@ThompsonHine.com
Rob.Ware@ThompsonHine.com
Kip.Bollin@ThompsonHine.com
Thomas.Ritzert@ThompsonHine.com
Kyle.Hutnick@ThompsonHine.com

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed and served electronically on December 12, 2024 using the Court's ECF system.

*/s/ Anthony C. White*
Anthony C. White (0062146)