# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **CLEVELAND BROWNS FOOTBALL COMPANY LLC,** | Case No. 1:24-CV-01857-DAR |
| **Plaintiff,** | Judge David A. Ruiz |
| v. | **MOTION FOR LEAVE TO FURTHER AMEND THE COMPLAINT** |
| **THE CITY OF CLEVELAND,** | |
| **Defendant,** | |
| **THE STATE OF OHIO,** | |
| **Intervenor-Defendant.** | |

Pursuant to Fed. R. Civ. P. 15(a)(2), Plaintiff Cleveland Browns Football Company LLC, by and through counsel, moves for leave to further amend its complaint. A memorandum in support of this motion follows this motion, and plaintiff's proposed Second Amended Complaint is attached as Exhibit A to this motion.

Dated: March 18, 2025

Respectfully submitted,

*/s/ Anthony C. White*
Anthony C. White (0062146)
Robert F. Ware (0055515)
Kip T. Bollin (0065275)
Thomas M. Ritzert (0085370)
Kyle A. Hutnick (0095673)
THOMPSON HINE LLP
3900 Key Center
127 Public Square
Cleveland, OH 44114
Phone: (216) 566-5500
Fax: (216) 566-5800
Tony.White@ThompsonHine.com
Rob.Ware@ThompsonHine.com
Kip.Bollin@ThompsonHine.com
Thomas.Ritzert@ThompsonHine.com
Kyle.Hutnick@ThompsonHine.com

William Savitt (*pro hac vice forthcoming*)
Bradley R. Wilson (*pro hac vice forthcoming*)
Anitha Reddy (*pro hac vice forthcoming*)
Adam M. Gogolak (*pro hac vice forthcoming*)
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, NY 10019
Phone: (212) 403-1000
Fax: (212) 403-2000
wdsavitt@wlrk.com
brwilson@wlrk.com
areddy@wlrk.com
amgogolak@wlrk.com

*Attorneys for Plaintiff*

## MEMORANDUM IN SUPPORT OF MOTION
## FOR LEAVE TO FURTHER AMEND THE COMPLAINT

Plaintiff seeks leave to further amend its complaint to add new parties and claims, as well as allegations in further support of its existing claims. This action is in its earliest stages. Indeed, the initial case management conference has not yet occurred. Accordingly, there is no prejudice to defendants that would justify denying plaintiff leave to file a second amended complaint (attached hereto as Exhibit A).

### BACKGROUND

Plaintiff is party to a lease agreement with the City of Cleveland for Huntington Bank Field whose term expires in 2029. Ex. A ¶ 26. Notwithstanding the clear provisions of the lease agreement, the City has sought to enforce R.C. 9.67—the so-called "Modell Law"—in an attempt to require the Cleveland Browns to continue playing in the stadium after the lease term ends. Ex. A ¶¶ 63, 74-81.

On October 24, 2024, plaintiff brought this suit to seek relief from the City's attempted enforcement of the Modell Law. Doc. 1. After the Ohio Attorney General moved to intervene, without opposition from any party, and before the City responded to the initial complaint, plaintiff amended its complaint as of right. Docs. 8-9, 12.

The City and State moved to dismiss the amended complaint on January 15, and plaintiff filed its opposition to the motions on February 14. Docs. 24-27. Approximately a week later, plaintiff informed the City and State that it intended to amend its complaint a second time. Plaintiff explained it was not yet in a position to share its anticipated filing, but wished to inform the City and State of its plans to avoid either party preparing a reply in support of its pending motions to dismiss the amended complaint, given the coming filing of a second amended complaint. The City

declined to consent to the filing of a second amended complaint without reviewing the proposed pleading, and the City and State filed their reply briefs on February 24. Docs. 28-29.

No other activity in the action has occurred, and the initial case conference has not yet been scheduled.

## ARGUMENT

Except for amendments as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). And "[t]he Court should freely give leave when justice so requires." *Id.* Here, leave is appropriate because an amended pleading will work no prejudice to defendants and aid the efficient adjudication of motions to dismiss the operative pleading.

As the Sixth Circuit has recognized, Rule 15(a) reflects a "liberal policy of permitting amendments to ensure the determination of claims on their merits." *Marks* v. *Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987). Accordingly, the "case law in this Circuit manifests 'liberality in allowing amendments to a complaint.'" *ATC Healthcare Servs., LLC* v. *Frontline Healthcare Staffing, LLC*, No. 1:23-CV-392, 2024 WL 4025772, at *1 (N.D. Ohio Sept. 3, 2024) (quoting *Newberry* v. *Silverman*, 789 F.3d 636, 645 (6th Cir. 2015)). A court may not deny leave to amend a complaint unless it "find[s] at least some significant showing of prejudice to the opponent." *Duggins* v. *Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999) (internal quotation marks omitted). And "[t]he burden of proof of prejudice is on the party opposing the amendment." *Verragio, Ltd.* v. *Signet Jewelers, Ltd.*, No. 5:20-CV-01083-CEH, 2021 WL 4813279, at *4 (N.D. Ohio May 26, 2021).

The filing of a second amended complaint will cause no prejudice, let alone significant prejudice to defendants. The action is in its earliest stages. No discovery has taken place and the Court has not yet issued any substantive rulings. When "discovery is in the early stages"—or as

here, when it has not even begun—"any prejudice from entertaining an amended pleading is minimal." *Advance Wire Forming, Inc.* v. *Stein*, 2019 WL 13194890, at *2 (N.D. Ohio July 11, 2019). This Court routinely grants leave to amend a complaint in these circumstances. *See, e.g.*, *Fin. Resources Fed. Credit Union* v. *Diebold, Inc.*, No. 5:21-CV-00219, 2021 WL 1685563, at *1 (N.D. Ohio Apr. 29, 2021) (granting leave to amend where "discovery has not yet begun in earnest"); *Kanagy* v. *Midlands Millroom Supply, Inc*., No. 5:19-CV-01726, 2020 WL 1275289, at *2 (N.D. Ohio Mar. 17, 2020) (finding no prejudice to defendant where plaintiff's "request to amend his original complaint was filed prior to the initiation of discovery").

Furthermore, it is efficient to permit the filing of the second amended complaint before the Court expends its limited resources in resolving defendants' motions to dismiss the amended complaint. To the extent the second amended complaint addresses any of defendants' arguments in those motions, allowing it to become the operative pleading now will allow the Court to consider the sufficiency of plaintiff's allegations and proposed further allegations at one time, rather than seriatim. *Mitri* v. *Rahma*, No. 4:18-CV-2258, 2019 WL 1755809, at *2 (N.D. Ohio Apr. 19, 2019) ("It is appropriate to address complaint deficiencies identified in a Rule 12 motion to dismiss with an amended pleading.").

## CONCLUSION

For the foregoing reasons, the Court should grant plaintiff leave to further amend its complaint and to file its proposed second amended complaint as the new operative pleading.

Respectfully submitted,

*/s/ Anthony C. White*
Anthony C. White (0062146)
Robert F. Ware (0055515)
Kip T. Bollin (0065275)
Thomas M. Ritzert (0085370)
Kyle A. Hutnick (0095673)
THOMPSON HINE LLP
3900 Key Center
127 Public Square
Cleveland, OH 44114
Phone: (216) 566-5500
Fax: (216) 566-5800
Tony.White@ThompsonHine.com
Rob.Ware@ThompsonHine.com
Kip.Bollin@ThompsonHine.com
Thomas.Ritzert@ThompsonHine.com
Kyle.Hutnick@ThompsonHine.com

William Savitt (*pro hac vice forthcoming*)
Bradley R. Wilson (*pro hac vice forthcoming*)
Anitha Reddy (*pro hac vice forthcoming*)
Adam M. Gogolak (*pro hac vice forthcoming*)
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, NY 10019
Phone: (212) 403-1000
Fax: (212) 403-2000
wdsavitt@wlrk.com
brwilson@wlrk.com
areddy@wlrk.com
amgogolak@wlrk.com

*Attorneys for Plaintiff*

4

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed electronically on March 18, 2025, and counsel of record will receive a notice of filing through the Court's electronic filing system in accordance with Fed. R. Civ. P. 5(b)(2)(E) and this Court's Local Rules.

                                            */s/ Anthony C. White*
                                            Anthony C. White (0062146)

                                            *One of the Attorneys for Plaintiff*