# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **CLEVELAND BROWNS FOOTBALL COMPANY LLC,** | Case No. 1:24-CV-01857 |
| **Plaintiff,** | Judge David A. Ruiz |
| v. | |
| **THE CITY OF CLEVELAND,** | |
| **Defendant,** | |
| **THE STATE OF OHIO,** | |
| **Intervenor-Defendant.** | |

# CONSOLIDATED REPLY BRIEF IN SUPPORT OF MOTION
# FOR LEAVE TO FURTHER AMEND THE COMPLAINT

**CONSOLIDATED REPLY BRIEF IN SUPPORT OF MOTION
FOR LEAVE TO FURTHER AMEND THE COMPLAINT**

Neither the City nor the State identify in their opposition briefs any exceptional circumstances that justify denying the Browns' requested amendment. The case is in its earliest stages, this Court has issued no substantive rulings, no discovery has begun, and this is the Browns' first request for leave to amend the complaint. The Browns identified ample authority for their application and numerous decisions granting leave to amend in similar circumstances. Defendants' opposition briefs ignore that authority, and the decisions they proffer as support for a denial of leave have no bearing here. Leave should therefore be granted, in keeping with Rule 15(a)(2)'s "liberal policy of permitting amendments to ensure the determination of claims on their merits." *Marks* v. *Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987).

**A.     The City's assertion that the Court lacks jurisdiction to grant leave to amend the complaint is incorrect**

The City contends that this Court lacks jurisdiction to "even *address*" this motion because the complaint, in the City's view, does not adequately plead subject-matter jurisdiction. City Br. (Doc. 37) 5. According to the City, the Browns are stuck with the existing complaint because 28 U.S.C. § 1653 "*forecloses*" an amendment to cure any supposed defects in the jurisdictional allegations. City Br. 6. But § 1653 says just the opposite. Section 1653 "states broadly that, in both trial and appellate courts, '[d]efective allegations of jurisdiction may be amended' to ensure that a case can go forward." *Royal Canin U.S.A., Inc.* v. *Wullschleger*, 604 U.S. 22, 51 (2025) (quoting § 1653). "So," as the Supreme Court explained just a few months ago, "a case falling outside the federal court's jurisdiction can come within it by virtue of an amendment." *Id.*

In its zeal to avoid a prompt reckoning on the merits, the City nonetheless argues that § 1653's broadly permissive language somehow bars the requested amendment. The implication of the City's argument is that, even if the proposed amended complaint adequately pleads

1

jurisdiction, the Browns must file it as an original complaint in a new action, not as an amended pleading in this action. In support of this hypertechnical, inefficient, and dilatory result, the City points to *In re DePuy Orthopaedics, Inc. ASR Himi Implant Products Liability Litigation*, 953 F.3d 890 (6th Cir. 2020).

But the amendment denied in *DePuy* was nothing like the amendment the Browns seek here. In *DePuy*, the plaintiffs' original complaint asserted only state-law claims. *Id*. at 894. Then, after "conced[ing]" on appeal "that the district court lacked diversity jurisdiction all along," the plaintiffs sought leave to amend their complaints to add a new federal-law claim and invoke federal-question jurisdiction under 28 U.S.C. § 1331. *Id*. at 894-95. The Sixth Circuit explained that § 1653 permits amendments to add jurisdictional allegations if the complaint "supported federal jurisdiction." *Id.* at 896. But the *DePuy* plaintiffs were "seek[ing] to create jurisdiction"—"not to confirm it"—"by amending their complaints to add a new federal claim." *Id.* at 895, 897. The Sixth Circuit denied leave "[b]ecause § 1653 does not permit that type of amendment." *Id.* at 897.

*DePuy* has no relevance here. The Browns' amendment does not seek to anchor federal jurisdiction on a new federal claim. The first amended complaint, like the original complaint, asserts violations of the U.S. Constitution and, on that basis, expressly alleges federal-question jurisdiction under § 1331. Compl. (Doc. 1) ¶ 15; Am. Compl. (Doc. 12) ¶ 18. The "new" claims the Browns seek to add in a second amended complaint are claims under § 1983—claims based on the same constitutional violations alleged in the existing, first amended complaint. Doc. 30-1, ¶¶ 96, 115. And § 1983 "only fashions a remedy"—it "is not a jurisdictional statute." *Chapman* v. *Houston Welfare Rts. Org.*, 441 U.S. 600, 606 (1979). Rather, plaintiffs asserting § 1983 claims generally invoke § 1331 as the basis for federal jurisdiction. *See Grable & Sons Metal Prods.,*

2

*Inc.* v. *Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). The Browns' request to amend their complaint to add § 1983 claims is not an attempt to "create" federal jurisdiction. *DePuy*, 953 F.3d at 895. Rather, the amendment simply further "confirm[s]" the federal-question jurisdiction already expressly pleaded. *Id.*

Section 1653 thus poses no bar to an amendment adding § 1983 claims when the complaint already invokes federal-question jurisdiction. Indeed, the Sixth Circuit long ago held that a district court abuses its discretion in denying leave to add § 1983 claims to a complaint—like the first amended complaint here—that alleges a constitutional tort. For example, in *Tefft* v. *Seward*, 689 F.2d 637 (6th Cir. 1982), the district court denied the plaintiff's request to amend his complaint, which alleged torts under state law against federal officers, to add claims for violations of his federal constitutional rights. *Id.* at 638. The Sixth Circuit reversed, holding that the amendment should have been permitted because "[i]t is obvious that the facts as set forth in Tefft's original complaint would support a cause of action for a constitutional tort." *Id.* at 638-39. Here, the City has itself argued that a § 1983 claim is "obvious" from the constitutional violations alleged in the first amended complaint—so obvious that it says the Browns should have expressly pleaded a § 1983 claim in their first amended complaint. Doc. 28, at 7; Doc. 37, at 5. And so here, just as in *Tefft*, granting leave to amend the complaint to assert § 1983 claims is the proper course.

Moreover, Ohio district courts have expressly rejected the notion that they lack jurisdiction to grant such an amendment. For example, in *Sarkadi* v. *Ohio Casino Control Commission*, 2021 WL 3662469 (S.D. Ohio Aug. 18, 2021), the court permitted an amendment adding an individual-capacity § 1983 claim based on the constitutional violations alleged in the complaint. *Id*. at *4. Citing § 1653, the court rejected the "argu[ment] that because the Court lacked jurisdiction at the outset of this case, it cannot reach the question of whether to grant Plaintiff leave to amend his

3

complaint." *Id.* As the court explained, "a court is not deprived of jurisdiction if the pleading deficiency is later corrected." *Id.*

Despite citing dozens of authorities, the City does not identify a single decision denying leave to add § 1983 claims to a complaint that already claims federal constitutional violations and already alleges federal-question jurisdiction under § 1331. The City asserts that "[c]ourts routinely reject leave to amend in these circumstances." City Br. 6-7. But the denials it cites—almost entirely from outside this circuit—involved requested amendments nothing like the one here. All but one denied requests, like the one in *DePuy*, to add a federal-law claim to a complaint invoking diversity jurisdiction.[1] The remaining one denied leave to amend a complaint invoking the jurisdictional provision of the Fair Labor Standards Act, 29 U.S.C. § 216(b).[2] And in the only case on the City's list that involved a request to add § 1983 claims, the court *granted* leave to amend. *See Francisco* v. *Edmonson*, 2014 WL 4929329, at *3 (W.D. La. Sept. 29, 2014) (cited in City Br. 7).

None of those decisions justifies denying leave to amend in the circumstances here. To the contrary, when leave to amend is denied in situations like this, the denial is reversed as an abuse of discretion. *See, e.g.*, *Moore* v. *City of Paducah*, 790 F.2d 557, 562 (6th Cir. 1986) (reversing denial of leave to amend complaint to add § 1983 claims where little prejudice would result); *see also Tefft*, 689 F.2d at 638-39.

---

[1] *See Saunders* v. *Huron Cnty. Comm'rs*, 2013 WL 1196438, at *2 (N.D. Ohio Mar. 22, 2013); *Cliffs Nat. Res. Inc.* v. *Seneca Coal Res., LLC*, 2018 WL 2012900, at *2-4 (D. Del. Apr. 30, 2018); *Sumpter* v. *Hungerford*, 2014 WL 3401093, at *4-5 (E.D. La. July 11, 2014); and *Jordan* v. *Payment Saver, LLC*, 2024 WL 5165327, at *1, *3 (D.S.C. Dec. 19, 2024) (all cited in City Br. 7).

[2] *See Mills* v. *Maine*, 118 F.3d 37, 40-41 (1st Cir. 1997) (cited in City Br. 7).

4

### B. Neither undue prejudice nor the asserted futility of the amendment justify denying leave to amend the complaint

Neither the City nor the State show that it would suffer significant prejudice if the proposed amendment is permitted. And "[t]o deny a motion to amend, a court must find at least some significant showing of prejudice to the opponent." *Verragio, Ltd.* v. *Signet Jewelers Ltd.*, 2021 WL 4813279, at *4 (N.D. Ohio May 26, 2021) (quoting *Duggins* v. *Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999)); *see also Moore*, 790 F.2d at 562 (same).

The State does not even claim that it would be prejudiced by an amendment, let alone make the requisite showing of significant prejudice. *See* State Br. (Doc. 38) 6-16 (arguing only futility as grounds for denying leave). For its part, the City asserts it would be "absolutely prejudice[d]" because it has already briefed one motion to dismiss the complaint and would have to undertake "a full new round of dispositive motions." City Br. 11-12. But as a matter of law, even if a defendant "will be inconvenienced by another round of motion practice," "such inconvenience does not rise to the level of prejudice that would warrant denial of leave to amend." *Morse* v. *McWhorter*, 290 F.3d 795, 801 (6th Cir. 2002) (reversing denial of leave to amend as abuse of discretion); *see also K & M Int'l, Inc.* v. *NDY Toy, LLC*, 2015 WL 5782037, at *4 (N.D. Ohio Sept. 29, 2015) (granting leave to amend over defendant's objection because "as the Sixth Circuit has pronounced, more discovery or motion practice, though burdensome, does not warrant denial of leave to amend").

To suggest otherwise, the City cites decisions that rested on facts bearing no resemblance to those here. In those cases, the court denied leave not because additional motion practice constituted prejudice, but because the amendment was sought at a late stage in the litigation, long after the close of discovery. *See, e.g.*, *Detrick* v. *Heidtman Steel Products, Inc.*, 677 F. App'x 240, 246-47 (6th Cir. 2017) (affirming denial of leave to amend where plaintiff sought leave to amend

5

after the close of discovery) (cited in City Br. 12); *Helms* v. *City of Green*, 2006 WL 8448477, at *4-5 (N.D. Ohio Dec. 28, 2006) (rejecting amendment proposed at an "advanced stage of the litigation," because it would require defendants to "undergo a second round of discovery and prepare new defenses for trial") (cited in City Br. 9). Such decisions have no relevance here. As this Court has affirmed in numerous cases, "any prejudice from entertaining an amended pleading is minimal" when "discovery is in the early stages." *Advance Wire Forming, Inc.* v. *Stein*, 2019 WL 13194890, at *2 (N.D. Ohio July 11, 2019); *see also* Browns Br. (Doc. 30) 3 (citing additional cases). Here, an initial case management conference has not yet been held and discovery has not even begun. Prejudice is therefore not a proper ground to deny leave to amend the complaint.

And in the absence of a significant showing of prejudice, the defendants' arguments that the proposed amendment would be futile do not warrant denying leave to amend. Asserted futility is not a proper basis to deny leave to amend unless "a minimal assessment" reveals the amendment to be "'clearly futile' due to facial lack of merit, frivolousness, lack of jurisdiction, or other obvious legal defect." *Fred Martin Motor Co.* v. *Crain Commc'ns, Inc.*, 2013 WL 626499, at *2 (N.D. Ohio Feb. 20, 2013). The State's futility arguments, joined by the City, *see* State Br. 6-16, City Br. 15, do not show that the proposed amendment fails to state a claim, let alone that it "clearly" fails to do so. The proposed amended complaint—like the Browns' present complaint—raises multiple claims of federal law, against multiple defendants, under multiple theories of constitutional violation, as well as a claim under state law. In an effort to avoid answering these theories in dispositive motion practice, the State's arguments incorrectly characterize the contractual arrangements, statutes, and constitutional principles at issue. Moreover, the State's arguments draw both factual and legal inferences in the defendants' favor—inappropriate in assessing whether a pleading states a claim for relief.

The proposed amended complaint raises serious and complex constitutional claims.  In accord with Rule 15(a)(2)'s "liberal policy of permitting amendments to ensure the determination of claims on their merits," the adequacy of the Browns' claims is more appropriately addressed in dispositive motion practice.  *Marks*, 830 F.2d at 69.  And when a plaintiff raises substantial claims, this Court will grant leave to amend the pleading, as it "prefers to address [a party's] substantive arguments . . . on a dispositive motion, rather than on a Motion to Amend."  *All Pro Brace, LLC* v. *U.S. Dep't of Health & Human Servs.*, 2022 WL 17067459, at *3 (N.D. Ohio Nov. 17, 2022); *see also, e.g.*, *Lipman* v. *Cuyahoga Cnty.*, 2021 WL 9037960, at *1 (N.D. Ohio June 21, 2021) (same).  That is the appropriate course here.

### C. The City's remaining arguments for denying leave to amend the complaint are also without merit

The City makes a few other arguments in opposition to an amendment—all based on plainly inapposite authority and none joined by the State.

The City contends that the Browns may not amend their pleading to correct supposed legal defects that the City itself asserted in its motion to dismiss the complaint.  But it is hornbook law that "[i]t is appropriate to address complaint deficiencies identified in a Rule 12 motion to dismiss with an amended pleading."  *Mitri* v. *Rahma*, 2019 WL 1755809, at *2 (N.D. Ohio Apr. 19, 2019) (cited in Browns Br. 3).  And since the Court has not yet ruled on the motions to dismiss the first amended complaint, permitting the amendment allows the Court to rule on defendants' objections to both the existing and proposed allegations at one time—by resolving any motions to dismiss the second amended complaint.  The cases on which the City relies to support its erroneous position are easily distinguishable.  All denied leave to amend because, unlike here, the amendment was proposed "late" in the litigation.  *See, e.g.*, *Troxel Mfg. Co.* v. *Schwinn Bicycle Co.*, 489 F.2d 968, 971 (6th Cir. 1973) ("A misconception of the law is not an excuse for the late presentation of an

7

alternative theory of recovery.") (cited in City Br. 2); *Wade* v. *Knoxville Utilities Bd.*, 259 F.3d 452, 459 (6th Cir. 2001) (same) (cited in City Br. 2).

The City contends that the Browns' motion for leave to amend does not satisfy Rule 7(b)(1)(B)'s requirement that a motion "state with particularity the grounds for seeking the order." Hardly. The motion identifies the major aspects of the amendment, cites numerous authorities supporting a grant of the requested amendment, and attaches the requested amendment. That is more than enough. Again, the City's authorities concern wildly different facts. *See Evans* v. *Pearson Enters., Inc.*, 434 F.3d 839, 853 (6th Cir. 2006) (affirming denial of leave where the one-sentence request failed to "provid[e] grounds or a proposed amended complaint") (cited in City Br. 8); *Brautigam* v. *Damon*, 697 F. App'x 844, 850-51 (6th Cir. 2017) (affirming denial of leave where the request was made without supporting authority two years after action began) (cited in City Br. 7-8).

Finally, the City asserts that the proposed amendment should be denied as "in bad faith." City Br. 10. Tellingly, the City does not cite a single decision from any court anywhere finding that an application for leave to amend was made in bad faith, let alone in the circumstances here. The one case it does cite, City Br. 11 n.5, is a decision affirming a district court's imposition of sanctions, after trial, against a party who committed "acts of fraud," "filed false and frivolous pleadings," and used tactics of "delay, oppression, harassment and massive expense to reduce plaintiff to exhausted compliance." *See Chambers* v. *NASCO, Inc.*, 501 U.S. 32, 41 (1991). Accusations of bad faith should not be lightly made, especially when the accuser cannot muster any remotely relevant authority for the charge.

\* \* \*

For the foregoing reasons, the Court should grant plaintiff leave to further amend its complaint and to file the proposed second amended complaint as the new operative pleading.

    Respectfully submitted,

    */s/ Anthony C. White*
    Anthony C. White (0062146)
    Robert F. Ware (0055515)
    Kip T. Bollin (0065275)
    Thomas M. Ritzert (0085370)
    Kyle A. Hutnick (0095673)
    THOMPSON HINE LLP
    3900 Key Center
    127 Public Square
    Cleveland, OH 44114
    Phone: (216) 566-5500
    Fax: (216) 566-5800
    Tony.White@ThompsonHine.com
    Rob.Ware@ThompsonHine.com
    Kip.Bollin@ThompsonHine.com
    Thomas.Ritzert@ThompsonHine.com
    Kyle.Hutnick@ThompsonHine.com

    William Savitt (*pro hac vice pending*)
    Bradley R. Wilson (*pro hac vice pending*)
    Anitha Reddy (*pro hac vice pending*)
    Adam M. Gogolak (*pro hac vice pending*)
    WACHTELL, LIPTON, ROSEN & KATZ
    51 West 52nd Street
    New York, NY 10019
    Phone: (212) 403-1000
    Fax: (212) 403-2000
    wdsavitt@wlrk.com
    brwilson@wlrk.com
    areddy@wlrk.com
    amgogolak@wlrk.com

    *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed electronically on April 8, 2025, and counsel of record will receive a notice of filing through the Court's electronic filing system in accordance with Fed. R. Civ. P. 5(b)(2)(E) and this Court's Local Rules.

                                                */s/ Anthony C. White*
                                                Anthony C. White (0062146)

                                                *One of the Attorneys for Plaintiff*