**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| CLEVELAND BROWNS FOOTBALL COMPANY LLC, ) ) ) Plaintiff, ) ) v. ) ) CITY OF CLEVELAND, *et al.*, ) ) Defendants. ) ) | CASE NO. 1:24-cv-01857 <br><br> JUDGE DAVID A. RUIZ <br><br> **MEMORANDUM OPINION AND ORDER** |

**I. Procedural History**

On October 25, 2024, Plaintiff Cleveland Browns, LLC ("Plaintiff" or "Browns), filed a six-count Complaint for declaratory judgment against Defendant City of Cleveland ("Defendant" or "Cleveland"). (R. 1). On November 15, 2024, Plaintiff filed a four-count Amended Complaint against Defendant Cleveland. (R. 12). On January 15, 2025, Intervenor State of Ohio ("Ohio") filed a motion to dismiss (R. 24), as did Defendant Cleveland.[1] (R. 25). The motions became ripe for review as of February 28, 2025, after Cleveland and Ohio both filed replies in support of their motions. (R. 28 & 29). Eighteen days later, Plaintiff filed a Motion for leave to

---

[1] Defendant also argued that the Court should exercise the Pullman abstention doctrine, and allow the state courts to address the applicability of the so-called "Modell law." (R. 25-1, PageID# 159-164). Defendant represents it has filed a state enforcement action in state court. *Id*. at PageID# 148.

Further Amend the Complaint (R. 30), which both Cleveland and Ohio oppose. (R. 37 & 38). On April 8, 2025, Plaintiff filed a reply in support of its motion to amend. (R. 39).  For the reasons set forth below, Plaintiff's Motion for leave to further Amend the Complaint (R. 30) is GRANTED.

## II.  Motion to Amend Standard

Rule 15 provides that a party may amend its pleadings once as a matter of course within 21 days of serving the pleading or, if a responsive pleading is required, 21 days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

The liberal amendment policy embodied in Rule 15(a)(2), however, "is not without limits." *DeCrane v. Eckart*, No. 1:16CV2647, 2018 WL 916520 at *1 (N.D. Ohio Feb. 16, 2018) (Boyko, J.). "But a court need not grant a motion to amend when the reason for amendment is improper, 'such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *Skatemore, Inc. v. Whitmer*, 40 F.4th 727, 737-38 (6th Cir. 2022) (citations omitted)), *cert. denied*, 143 S. Ct. 527, 214 L. Ed. 2d 302 (2022).  An amendment is futile where the proposed changes "could not withstand a Rule 12(b)(6) motion to dismiss." *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010) (*quoting Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000)).

### III. Analysis

The Court is mindful of the liberal amendment policy of Rule 15(a)(2). It is true that Plaintiff has already been afforded an opportunity to amend the Complaint. Nevertheless, this matter is still in its beginning stages, and, therefore, there has been no undue delay. The Court further notes that Defendant Cleveland has twice asked for and received extensions of time to respond to the pleadings. (R. 10 & 20). Moreover, the Court perceives no evidence of bad faith or dilatory motive by Plaintiff. Furthermore, the first Amended Complaint (R. 12), was filed *prior* to any responsive pleading by Cleveland or Ohio. Therefore, the Court is not faced with a scenario where a party has been afforded repeated opportunities to cure deficiencies by previously allowed amendments.

The State of Ohio's primary argument in opposition to allowing Plaintiff leave to amend is the argument that the proposed amendment would be futile. (R. 38, PageID# 580, 584). Specifically, Ohio takes the position that the arguments raised in its motion to dismiss still hold true and are uncured by the proposed second amended complaint. *Id*. Defendant Cleveland raises similar futility arguments. (R. 37, PageID# 498-499).

The proposed second Amended Complaint adds a number of Plaintiffs affiliated with the Browns, as well as naming Defendant City of Cleveland's Law Director in his official capacity. (R. 30-1, PageID# 285-86, ¶¶8-13). The proposed complaint also adds greater depth to the factual allegations compared to the First Amended Complaint. Finally, the proposed complaint reduces the number of counts being brought from four to three, though the substance of the counts are very similar.

It is true that Cleveland and Ohio have already expended resources in filing motions to dismiss the Amended Complaint. But the Court cannot find that having to respond to an

amended complaint or refile motions to dismiss would unduly prejudice either the Defendant or the State of Ohio.

### IV. Conclusion

For the foregoing reasons, Plaintiff's Motion for Leave to Further Amend the Complaint (R. 30) is GRANTED. Plaintiff must file the proposed Second Amended Complaint as a free-standing document within seven (7) days of this Order.

The Motions to Dismiss filed by Intervenor State of Ohio (R. 24) and Defendant Cleveland (R. 25) are hereby DENIED *without prejudice* as moot.[2] Once Plaintiff files the Second Amended Complaint, Cleveland and Ohio may move, answer, or otherwise respond within the time set forth by the Federal Rules of Civil Procedure and the Local Rules.

IT IS SO ORDERED.

s/ *David A. Ruiz*
David A. Ruiz
United States District Judge

Date: May 23, 2025

---

[2] To clarify, the denial of the motions to dismiss is *not* a ruling on the merits of the arguments raised therein.