**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CLEVELAND BROWNS FOOTBALL COMPANY LLC, et al., | ) | CASE NO. 1:24-CV-01857 |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID A. RUIZ |
| | ) | |
| vs. | ) | |
| | ) | Magistrate Judge |
| THE CITY OF CLEVELAND, et al., | ) | Jonathan D. Greenberg |
| | ) | |
| Defendant, | ) | |
| | ) | Defendant's Motion for Reconsideration or |
| STATE OF OHIO, | ) | Certification of Order Granting Plaintiff's |
| | ) | Motion for Leave to Amend Its Amended |
| Intervenor. | ) | Complaint |

---

**DEFENDANT CITY OF CLEVELAND'S MOTION FOR RECONSIDERATION OR**
**CERTIFICATION OF ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO**
**AMEND ITS AMENDED COMPLAINT**

---

## INTRODUCTION

Defendant the City of Cleveland (the City) respectfully asks this Court to reconsider its May 23, 2025 Order granting the Browns' motion to amend (Dkt. 40) because the Court overlooked the threshold question of whether it even had jurisdiction to grant leave to amend.  As the City explained, the Browns did not properly invoke this Court's jurisdiction by suing under the Declaratory Judgment Act as a basis for federal-question jurisdiction.  And the Browns have tried to correct that defect by now suing under 42 U.S.C. § 1983, contrary to binding Sixth Circuit precedent that plaintiffs "cannot create jurisdiction by amending their complaints to add a new federal claim."  *In re DePuy Orthopaedics, Inc. ASR Hip Implant Prods. Liab. Litig.*, 953 F.3d 890, 895 (6th Cir. 2020).  The Court granted leave to amend without addressing the City's jurisdictional argument.  *See* Dkt. 40.  If the Court had addressed this argument, it would have been compelled to hold that it lacked jurisdiction to grant leave to amend the already amended complaint.  This omission warrants reconsideration of this Court's order—and denial of the Browns' motion for leave to further amend (Dkt. 30).

Alternatively, the City asks this Court to certify its order for interlocutory appeal under 28 U.S.C. § 1292(b):  The order, including this threshold jurisdictional argument, involves a "controlling question of law" with at least a "substantial ground for difference of opinion"; so an immediate appeal would "materially advance the ultimate termination of the litigation."

## ARGUMENT

The City asks this Court to either (I) reconsider its order granting the Browns' motion to amend or (II) certify the interlocutory order for immediate appeal.

## I.      THIS COURT OVERLOOKED THE JURISDICTIONAL ARGUMENT.

**A.**      The Federal Rules of Civil Procedure provide that interlocutory orders "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties'

1

rights and liabilities."  Fed. R. Civ. P. 54(b).  So a "court may always reconsider and revise its interlocutory orders while it retains jurisdiction over the case."  *In re Life Invs. Ins. Co. of Am.*, 589 F.3d 319, 326 n.6 (6th Cir. 2009) (citation omitted).  The federal rules thus generally provide wide latitude for reconsidering prior decisions.  *See Novia Commc'ns, LLC v. Weatherby*, 2021 WL 3399827, at *9 (6th Cir. Aug. 4, 2021).

One common basis for reconsideration is when a court overlooks a controlling argument. *See, e.g.*, *Davie v. Mitchell*, 291 F. Supp. 2d 573, 634 (N.D. Ohio 2003).  Courts deem a motion for reconsideration warranted if it "calls" to the court's attention "an argument or controlling authority that was overlooked or disregarded in the original ruling."  *Id.*; *see, e.g.*, *Younglove Const., LLC v. PSD Dev., LLC*, 767 F. Supp. 2d 820, 824–25 (N.D. Ohio 2011) (noting that "[a] motion for reconsideration gives [a district court] a chance to correct [its] mistakes before the Court of Appeals has to" and "calling [the district court's] attention to a [material argument that was overlooked] is both appropriate and desirable").  Other courts agree.  *See, e.g.*, *Frungillo v. Bradford Reg'l Airport Operating*, 2019 WL 480405, at *2 (W.D. Pa. Feb. 7, 2019) (granting reconsideration for "inadvertent" failure to properly consider jurisdictional argument); *Andreyko v. Sunrise Sr. Living, Inc.*, 993 F. Supp. 2d 475, 479 (D.N.J. 2014) ("The Court thus grants reconsideration here because the prior decision overlooked a legal issue that may alter the disposition of the matter."); *Shamis v. Ambassador Factors Corp.*, 187 F.R.D. 148, 152 (S.D.N.Y. 1999) (similar).

**B.**     That occurred here.  The City argued that the first amended complaint failed because it invoked the Declaratory Judgment Act as the sole basis for jurisdiction under 28 U.S.C. § 1331.  See Dkt. 37 at 9–14; Dkt. 28 at 4–6.  The Browns vehemently opposed, arguing that the City's jurisdictional argument was wrong.  Dkt. 28 at 6–12.  But in an apparent about-face and

2

recognition of the underlying flaws, the Browns then sought to entirely revamp their complaint, including by adding a new substantive claim to now invoke federal-question jurisdiction via § 1983.  Dkt. 37 at 5.  While the Browns' lone subject-matter jurisdiction allegation previously mentioned only the Declaratory Judgment Act, *see* Dkt. 12 at ¶ 18, the Browns have now directly added § 1983, *see* Dkt. 30-1 at ¶¶ 14, 16.

But in opposition to the motion to amend, the City explained why this Court lacked jurisdiction to grant an amended complaint like this one.  Dkt. 37 at 5–7.  To recap:  Plaintiffs "cannot create jurisdiction by amending their complaints to add a new federal claim."  *In re DePuy Orthopaedics*, 953 F.3d at 895.  After all, "subject matter jurisdiction cannot be created retroactively by amendment."  *Stapp v. Broadwing, Inc.*, 2009 WL 530100, at *2 (S.D. Ohio Feb. 27, 2009).  Instead, when, as here, jurisdiction does not already exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause."  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998).  As a result, the Court lacks jurisdiction to permit the amended complaint—as other courts have similarly held.  Dkt. 37 at 5–7 (collecting cases).

None of the Browns' arguments in reply undermined this threshold jurisdictional argument. Dkt. 39 at 1–4.  The Browns discussed how § 1983 is not a jurisdictional statute like § 1331 (Dkt. 39 at 2–3), but they ignored how the Sixth Circuit has rejected similar attempts to add a federal claim to *invoke* § 1331, as the Browns attempted to do here.  *See In re DePuy Orthopaedics*, 953 F.3d at 896–97 (rejecting attempt to add federal Magnuson-Moss Warranty Act claim).  They also cited a case that did not address this jurisdictional argument, Dkt. 39 at 3 (citing *Tefft v. Seward*, 689 F.2d 637, 638 (6th Cir. 1982)), and proclaimed that "Ohio district courts have expressly

3

rejected" this argument—relying on a single inapposite case, *id.* at 3–4.[1]

**C.**     Despite this jurisdictional argument in the briefing, this Court seemingly overlooked it.  *See* Dkt. 40.  This Court, in granting the motion to amend, rejected the futility arguments raised by the State (which this Court deemed "similar" to the City's futility arguments).  *Id.* at 3.  This Court then acknowledged that the proposed complaint adds new plaintiffs, "adds greater depth to the factual allegations," and "reduces the number of counts being brought from four to three, though the substance of the counts are very similar"—but it never discussed the new federal claims under § 1983.  *Id.*  This Court thus never addressed whether it had *jurisdiction* to grant the motion to amend in light of the newly proposed claims that did not previously exist.

The City thus respectfully asks this Court to reconsider its prior ruling in light of this jurisdictional argument overlooked by the Court's order.  The motion for leave should be denied.

## II.     IN THE ALTERNATIVE, THIS COURT SHOULD CERTIFY THE ORDER GRANTING THE MOTION TO AMEND FOR INTERLOCUTORY APPEAL.

If this Court does not reconsider its prior ruling, it should certify its order for immediate appeal.  Interlocutory appeals are appropriate when (1) an order "involves a controlling question of law," (2) there is a "substantial ground for difference of opinion," and (3) immediate appeal "may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).  This case fits that mold.

*First*, whether this Court has jurisdiction to grant the Browns' motion to amend their complaint would control this case's resolution.  It determines "whether the complaint states a facially valid claim" even with the attempted amendment—and thus involves a controlling

---

[1] That case cited by the Browns' (unlike this one) already had federal-question jurisdiction because the parties asserted claims under § 1983 (even though they were meritless under the Eleventh Amendment as initially pled).  *See Sarkadi v. Ohio Casino Control Commission*, 2021 WL 3662469, at *3–4 (S.D. Ohio Aug. 18, 2021).  The amendment merely tried to add an individual-capacity claim to fix the Eleventh Amendment problems for the official-capacity claims.  *Id.*

question of law.  *In re Trump*, 874 F.3d 948, 951 (6th Cir. 2017); *Deutsche Bank Nat. Tr. Co. v. Weickert*, 638 F. Supp. 2d 826, 831 (N.D. Ohio 2009) ("Clearly the issue of federal subject-matter jurisdiction would materially affect the final disposition of this case."); *Rose v. Giamatti*, 721 F. Supp. 924, 927 (S.D. Ohio 1989) (noting that "[t]he basic reason for this Court's certification of the jurisdictional issue for immediate appeal [] was to remove a cloud of uncertainty").

*Second*, if this Court allows this amendment to go forward, a "substantial ground for difference of opinion" would exist as to whether parties can amend their complaints to add a new claim (including under § 1983) to cure a jurisdictional defect in the original lawsuit.  As explained, the Sixth Circuit has already held that plaintiffs "cannot create jurisdiction by amending their complaints to add a new federal claim."  *In re DePuy Orthopaedics*, 953 F.3d at 895.  And other courts have rejected similar attempts to amend a complaint to obtain jurisdiction that was not properly invoked initially.  Dkt. 37 at 5–7 (collecting cases).  Those decisions show not only that "reasonable jurists *might* disagree on an issue's resolution," but that they *do* disagree.  *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011) (emphasis added).

*Finally*, allowing this case to proceed directly to interlocutory appeal would "avoid the need for protracted and expensive litigation" in this forum.  *Little v. Louisville Gas & Elec. Co.*, 805 F.3d 695, 699 (6th Cir. 2015).  "[L]itigation would end" if the Sixth Circuit determines that this Court lacks jurisdiction to grant the Browns' motion to amend.  *In re Trump*, 874 F.3d at 952. Courts routinely permit interlocutory appeals where added litigation would otherwise be cut off. *See, e.g., id.*; *Sheet Metal Emps. Indus. v. Absolut Balancing Co.*, 830 F.3d 358, 361 (6th Cir. 2016).  And certification of a controlling issue is even more appropriate, as here, "before the parties have incurred substantial time and expense on the litigation."  *Newsome v. Young Supply Co.*, 873 F. Supp. 2d 872, 876 (E.D. Mich. 2012).  This appeal would also save resources beyond just this

case; it would conserve resources for future courts and litigants that will face the same issue.

In sum, any order that permits this case to go forward on an amended complaint would therefore warrant an interlocutory appeal.

## CONCLUSION

This Court should reconsider its order granting the Browns' motion to amend or, in the alternative, it should certify its order for interlocutory appeal.

Respectfully submitted:

/s/ *Justin E. Herdman*

Justin E. Herdman (0080418)
Tracy K. Stratford (0069457)
James R. Saywell (0092174)
Samuel V. Lioi (0100464)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190
Phone: (216) 586-7108
Fax:    (216) 579-0212
Email: jherdman@jonesday.com
        tkstratford@jonesday.com
        jsaywell@jonesday.com
        slioi@jonesday.com

Mark D. Griffin (0064141)
Director of Law
City of Cleveland, Department of Law
601 Lakeside Avenue, Room 106
Cleveland, Ohio 44114-1077
Tel: (216) 664-2800
Email: MGriffin@clevelandohio.gov

*Attorneys for Defendant The City of Cleveland*

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing was filed electronically on the 30th day of May, 2025.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*s/ Justin E. Herdman*

*One of the Attorneys for Defendant The City of Cleveland*

7