UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| CLEVELAND BROWNS FOOTBALL COMPANY LLC, <br><br> CLEVELAND BROWNS STADIUM COMPANY LLC, <br><br> HASLAM SPORTS GROUP, LLC, <br><br> JHAC, LLC, <br><br>     **Plaintiffs,** <br> vs. <br><br> THE CITY OF CLEVELAND, <br><br> **MARK D. GRIFFIN,** in his official capacity, <br><br>     **Defendants,** <br><br> THE STATE OF OHIO, <br><br>     **Intervenor-Defendant.** | Case No. 1:24-CV-01857-DAR <br><br> Judge David A. Ruiz |

**PLAINTIFFS' BRIEF IN OPPOSITION TO CITY OF CLEVELAND'S MOTION
FOR RECONSIDERATION OR CERTIFICATION OF THE COURT'S ORDER**

**INTRODUCTION**

Leave to amend a pleading is freely granted, as any first-year law student knows. So when plaintiffs sought leave to amend their complaint—early enough in the case that no motion to dismiss had been decided and no initial case conference yet held—the City might have been expected to agree, allowing this important case to proceed promptly to the merits. Instead, the City opposed the request, delaying the filing of the amended pleading until further briefing could be filed and a decision issued. Now, notwithstanding the Court's issuance of a four-page opinion addressing a routine amendment request, the City seeks reconsideration of that decision on the ground that the Court somehow failed to notice its lead argument. And in the alternative, the City seeks interlocutory appellate review of the decision. The two forms of relief the City requests are both so outside the bounds of reasonableness that the City does not point to a single case in which either has been granted with respect to an order, like this one, granting leave to amend a complaint.

The City's filing is another tactic to delay the resolution of this case on the merits, conjure needless and burdensome motion practice, and manufacture procedural complexity. There is no need for "reconsideration." The City's motion does nothing more than reprise an argument made in its opposition and dispatched by the Court's decision. And the City's alternative request for certification of an interlocutory appeal is facially meritless, in plain contravention of Sixth Circuit authority limiting such appeals to truly exceptional cases.

**ARGUMENT**

**I.      This Court's order granting leave to further amend the complaint does not warrant reconsideration**

The City argues that this Court may reconsider its own interlocutory order under Rule 54(b). Mot. (Doc. 42) 1-2. That is, of course, correct. *See Rodriguez* v. *Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004) ("District courts have authority both under

1

common law and Rule 54(b) to reconsider interlocutory orders . . . ."). The City then goes on to argue that "[t]he federal rules thus generally provide wide latitude for reconsidering prior decisions." Mot. 2 (citing *Novia Commc'ns, LLC* v. *Weatherby*, 2021 WL 3399827, at *9 (6th Cir. Aug. 4, 2021)). That, however, is incorrect. The decision the City cites (but does not quote) for that proposition says nothing of the sort. *See Novia*, 2021 WL 3399827, at *9 (finding that the district court "did not commit procedural error by reconsidering its earlier estoppel ruling" in a breach-of-contract suit). And the City's own authorities say just the opposite—that motions for reconsideration are "disfavored." *Davie* v. *Mitchell*, 291 F. Supp. 2d 573, 634 (N.D. Ohio 2003) (cited in Mot. 2); *see also Younglove Constr., LLC* v. *PSD Dev., LLC*, 767 F. Supp. 2d 820, 824 (N.D. Ohio 2011) (cited in Mot. 2) (acknowledging that such motions are "discouraged" but granting one based on "new evidence"). As this Court has explained, "[a]lthough it has authority to do so, a court will only reconsider its prior ruling in rare and unusual circumstances." *Arrowood Indem. Co.* v. *Lubrizol Corp.*, 2015 WL 12734893, at *3 (N.D. Ohio Apr. 14, 2015). Those are not present here.

"Traditionally, courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Rodriguez*, 89 F. App'x at 959. The City does not even acknowledge the traditional criteria for reconsideration, let alone argue that any apply here. Instead, the City asserts that the Court "overlooked" its argument that the Court lacked jurisdiction to grant plaintiffs leave to file the second amended complaint. Mot. 2. But the Court rejected, not disregarded, the City's argument, and its ruling was neither clearly erroneous nor manifestly unjust.

2

Contrary to the City's argument, the Court's decision indicates that it resolved the City's argument in summary fashion, not that it missed it. The Court's decision identified all of the relevant briefing and expressly cited the pages of the City's brief in which it summarized its three arguments against amendment, including its lead no-jurisdiction argument. *See* Mem. Op. (Doc. 40) 3 ("Defendant Cleveland raises similar futility arguments." (citing R. 37, PageID# 498-99)); *see also* R. 37, PageID# 499 ("*First*, this Court lacks jurisdiction to grant leave—and a proposed amended complaint cannot create jurisdiction."). A court is not obliged to extensively or individually address a party's arguments to resolve them. And "a motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted." *Philpott* v. *City of Stow*, 2025 WL 1311098, at *1 (N.D. Ohio May 6, 2025) (internal quotation marks omitted).

For that reason, courts frequently reject arguments that they supposedly "overlooked" some argument—as even the City's authorities show. *See Davie*, 291 F. Supp. 2d at 634 (cited in Mot. 2) (denying motion for reconsideration which "erroneously claimed I [the judge] had not decided an issue"); *Shamis* v. *Ambassador Factors Corp.*, 187 F.R.D. 148, 151 (S.D.N.Y. 1999) (cited in Mot. 2) (denying reconsideration motion because "this matter was raised and briefed on the preceding motion and was resolved in the [o]pinion"); *see also, e.g.*, *Philpott*, 2025 WL 1311098, at *2 (rejecting argument that the Court "overlooked" allegations); *Johnson* v. *Tamborski*, 2020 WL 4933917, at *3 (S.D. Ohio Aug. 24, 2020) (rejecting argument that the court "failed to address one of [the movant's] claims"); *Hayes* v. *Schniers*, 2023 WL 5963777, at *1 (E.D. Mich. Sept. 13, 2023) (rejecting argument that the court "failed to address the core question").

Nor has the City come close to establishing that reconsideration is necessary "to correct a clear error." *Rodriguez*, 89 F. App'x at 959. As this Court recognized in its opinion, the

3

amendment policy of Rule 15(a)(2) is, while "not without limits," a "liberal" one. Mem. Op. 2. The City does not identify a single decision finding a district court erred in granting leave to amend, let alone authority establishing granting leave to amend in these circumstances was clearly erroneous. Instead, the City repeats the no-jurisdiction argument it previously made in its opposition and asserts that "[n]one of the Browns' argument in reply undermined" that argument. Mot. 2-4. But "motions for reconsideration may not be used to simply rehash rejected arguments." *Philpott*, 2025 WL 1311098, at *1 (internal quotation marks omitted).[1]

Reconsideration is also unnecessary to "prevent manifest injustice." *Rodriguez*, 89 F. App'x at 959. That exists only "if there is a fundamental flaw in the court's decision that, without correction, would lead to a result that is both inequitable and contrary to applicable policy." *Philpott*, 2025 WL 1311098, at *2. Allowing the Browns to amend their complaint while "this matter is still in its beginning stages" was neither. Mem. Op. 3. As the Court concluded, "having to respond to an amended complaint or refile motions to dismiss" would not even "unduly prejudice" the City. *Id.* at 3-4.

The Court's decision thus resulted in no injustice. Exactly the opposite: Denying the Browns leave to amend would have been unjust, as the City's authorities confirm. *See Frungillo*, 2019 WL 480405, at *3 (cited in Mot. 2) (concluding that failure to consider the "jurisdictional

---

[1] In contrast to the City's motion here, the motions cited by the City that claimed error, *see* Mot. 2, all identified error so clear that the opposing party did not contest it. *See Frungillo* v. *Bradford Reg'l Airport Operating*, 2019 WL 480405, at *3 (W.D. Pa. Feb. 7, 2019) (reconsidered dismissal of state-law claim for lack of jurisdiction where "[d]efendant does not appear to dispute the existence of diversity jurisdiction"); *Andreyko* v. *Sunrise Sr. Living, Inc.*, 993 F. Supp. 2d 475, 485 (D.N.J. 2014) (reconsidered denial of motion to dismiss second cause of action where defendant's statutory interpretation required dismissal and "[p]laintiff has not suggested other methods of statutory interpretation to read otherwise"); *Shamis*, 187 F.R.D. at 152 (reconsidered denial of summary judgment motion where it was "uncontested" that the corporate defendant was incorporated after plaintiff's claimed injuries and so could not have proximately caused them).

4

basis" for the plaintiff's claim would "potentially result in a manifest injustice" and citing appellate decisions reversing denials of "an opportunity to amend the complaint in order to cure any jurisdictional defects"). There is no cause to reconsider the Court's decision granting leave to amend.

**II.      This Court's interlocutory order granting leave to further amend the complaint does not warrant certification for immediate appeal**

Interlocutory appeals "are the exception, not the rule." *Johnson* v. *Jones*, 515 U.S. 304, 309 (1995). Under 28 U.S.C. § 1292(b), a court of appeals may consider, in its discretion, whether to permit an appeal of an interlocutory order only if the district judge finds that the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." *See also Ingram* v. *Wayne Cnty., Michigan*, 81 F.4th 603, 612 (6th Cir. 2023) (identifying criteria for interlocutory review). Even when these criteria are satisfied, review should be "sparingly granted and then only in exceptional cases." *Vitols* v. *Citizens Banking Co.*, 984 F.2d 168, 170 (6th Cir. 1993); *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002) (same). "Doubts regarding appealability should be resolved in favor of finding that the interlocutory order is not appealable." *Stephenson* v. *Fam. Sols. of Ohio, Inc.*, 2022 WL 393924, at *6 (N.D. Ohio Feb. 9, 2022) (quoting *United States* v. *Stone*, 53 F.3d 141, 143-44 (6th Cir. 1995) (internal alterations omitted))).

There is nothing exceptional about this Court's order granting plaintiffs leave to further amend their pleading. Interlocutory review is inappropriate for that reason alone. In any event, and consistent with the unexceptional nature of the order, the City has failed to identify a controlling question of law that either presents a "substantial ground for difference of opinion" or,

5

if resolved in the City's favor, would "materially advance the ultimate termination of the litigation." § 1292(b).

The City seeks certification of the question whether this Court had jurisdiction to grant plaintiffs leave to amend their complaint, which already asserted federal-question jurisdiction, to add § 1983 claims. But it demonstrates no "substantial ground for difference of opinion" on that question. As this Court has explained, "[t]he 'substantial ground' requirement has been characterized as a genuine doubt or conflicting precedent as to the correct legal standard." *S.E.C. v. Geswein*, 2 F. Supp. 3d 1074, 1087 (N.D. Ohio 2014). The controlling precedent the City points to in favor of its position is *In re DePuy Orthopaedics*, 953 F.3d 890 (6th Cir. 2020). But that case did not review the question the City seeks to present—it held that plaintiffs were not entitled to amend a state-law complaint, on appeal, to add new federal claims and new factual allegations to state those claims. The City thus fails to point to on-point precedent in its favor, let alone conflicting on-point precedent. At best, the City's argument is that this Court erred by failing to extend the holding of *DePuy* to a procedural posture and substantive claims that the *DePuy* court did not face and did not consider. But "a claim that the Court made a mistake" is "not something which shows [the movant] is entitled to the exceptional relief afforded by the taking of an interlocutory appeal." *Renteria-Villegas* v. *Metro. Gov't of Nashville & Davidson Cnty.*, 2011 WL 2938428, at *3 (M.D. Tenn. July 19, 2011). Or, as this Court put it, "[n]ot every application of law to a factually unique case is worthy of certification for appeal." *Doe* v. *ProMedica Health Sys., Inc.*, 2020 WL 7705713, at *1 (N.D. Ohio Dec. 14, 2020) (denying certification because "there is no circuit split or unclarity in the law").

Nor would an interlocutory appeal "materially advance the ultimate termination of the litigation." § 1292(b). An interlocutory appeal does so only if it could "appreciably shorten the

6

time, effort and expense exhausted between the filing of a lawsuit and its termination." *Trimble* v. *Bobby*, 2011 WL 1982919, *2 (N.D. Ohio May 20, 2011). But here, "litigation will be conducted in substantially the same manner regardless of [the court's] decision." *In re City of Memphis*, 293 F.3d at 351 (alteration in original). The appeal the City proposes is limited to this Court's jurisdiction to grant plaintiffs leave to file their second amended complaint. It thus would not—could not—resolve the sufficiency of plaintiffs' first amended complaint, which this Court did not address, and thus terminate the litigation of that complaint. Moreover, as the City's motion to dismiss the second amended complaint confirms, the City is not claiming that the Court lacks jurisdiction to adjudicate the second amended complaint. *See* Doc. 44-1 at 8. Rather, the City's contention—a stretch to say the least—is that this Court lacked jurisdiction to grant leave to file the second amended complaint but has jurisdiction to hear and dispose of the claims in that same complaint. The upshot of the City's position is that even assuming the Court lacked jurisdiction to grant leave to file the second amended complaint, the Browns could simply initiate a new suit using the second amended complaint as the original complaint. Far from conserving resources, certification would create an unnecessary detour that delays resolution of the parties' dispute.[2]

---

[2] This case is nothing like the ones on which the City relies. For example, in *In re Trump*, 874 F.3d 948, 951 (6th Cir. 2017), "a district court was poised to authorize invasive discovery on a complaint that could have failed to state a claim against the President of the United States." *In re Somberg*, 31 F.4th 1006, 1008 (6th Cir. 2022). The others are equally inapposite. *See Rose* v. *Giamatti*, 721 F. Supp. 924, 927 (S.D. Ohio 1989) (certifying removal order "to remove a cloud of uncertainty due to divergent views of judges in this District regarding removal"); *Deutsche Bank Nat. Tr. Co.* v. *Weickert*, 638 F. Supp. 2d 826, 826 (N.D. Ohio 2009) (certifying removal order in action with "hundreds of thousands of Class members" where intra-District decisions were in conflict); *Sheet Metal Emps. Indus.* v. *Absolut Balancing Co.*, 830 F.3d 358, 360-61 (6th Cir. 2016) (resolving, on interlocutory appeal, which law governed issue of whether parties had agreed to arbitrate and thus whether trial was unnecessary); *Little* v. *Louisville Gas & Elec. Co.*, 805 F.3d 695, 699 (6th Cir. 2015) (resolving interlocutory appeal of decision finding state-law claims not pre-empted because doing so could avoid "protracted and expensive litigation"); *Newsome* v. *Young Supply Co.*, 873 F. Supp. 2d 872, 878-79 (E.D. Mich. June 11, 2012) (certifying order

This practical reality explains why courts in this circuit have consistently declined to certify appeals of orders granting leave to amend complaints.  For example, in *Renteria-Villegas*, the court declined to certify its decision permitting plaintiffs to amend their complaint to address standing problems, explaining that "[a]llowing . . . an interlocutory appeal will get the parties no closer to a decision on the merits, and, in the Court's opinion, will not materially advance the resolution of this case as required by 28 U.S.C. § 1292(b)."  2011 WL 2938428, at *3.  Similarly, in *ABO Staffing Services, Inc.* v. *UnitedHealthCare Insurance Co.*, the court noted that "[u]nsurprisingly, the examples of where an interlocutory appeal might materially advance the termination of the lawsuit do not include district court decisions on motions to amend the pleadings."  2025 WL 870127, at *3 (E.D. Mich. Mar. 20, 2025).  The Sixth Circuit has likewise recognized that where "[t]he case could easily come back to [the appellate] court" later regardless of the appeal's outcome, certification is inappropriate.  *In re Somberg*, 31 F.4th 1006, 1009 (6th Cir. 2022).

## CONCLUSION

For the foregoing reasons, the Court should neither reconsider its order granting plaintiffs leave to amend their complaint or certify that order for interlocutory appeal.

---

resolving retroactivity determination that court viewed as a "very close call" because case could "terminate altogether" on appeal).

Respectfully submitted,

*/s/ Anthony C. White*
Anthony C. White (0062146)
Robert F. Ware (0055515)
Kip T. Bollin (0065275)
Thomas M. Ritzert (0085370)
Kyle A. Hutnick (0095673)
THOMPSON HINE LLP
3900 Key Center
127 Public Square
Cleveland, OH 44114
Phone: (216) 566-5500
Fax: (216) 566-5800
Tony.White@ThompsonHine.com
Rob.Ware@ThompsonHine.com
Kip.Bollin@ThompsonHine.com
Thomas.Ritzert@ThompsonHine.com
Kyle.Hutnick@ThompsonHine.com

William Savitt (*pro hac vice*)
Bradley R. Wilson (*pro hac vice*)
Anitha Reddy (*pro hac vice*)
Adam M. Gogolak (*pro hac vice*)
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, NY 10019
Phone: (212) 403-1000
Fax: (212) 403-2000
wdsavitt@wlrk.com
brwilson@wlrk.com
areddy@wlrk.com
amgogolak@wlrk.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing was filed electronically on June 12, 2025, and counsel of record will receive a notice of filing through the Court's electronic filing system in accordance with Fed. R. Civ. P. 5(b)(2)(E) and this Court's Local Rules.

                                              */s/ Anthony C. White*
                                              Anthony C. White (0062146)

                                              *One of the Attorneys for Plaintiffs*