# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| CLEVELAND BROWNS FOOTBALL COMPANY LLC, et al., | CASE NO. 1:24-CV-01857 |
| Plaintiffs, | JUDGE DAVID A. RUIZ |
| vs. | |
| THE CITY OF CLEVELAND, et al., | Magistrate Judge Jonathan D. Greenberg |
| Defendants, | |
| STATE OF OHIO, | Defendant's Reply in Support of Motion for Reconsideration or Certification of Order Granting Plaintiff's Motion for Leave to |
| Intervenor. | Amend Its Amended Complaint |

**DEFENDANT CITY OF CLEVELAND'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OR CERTIFICATION OF ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND ITS AMENDED COMPLAINT**

**INTRODUCTION**

The City respectfully asks this Court to reconsider its May 23, 2025 Order granting the Browns' motion to amend (Dkt. 40) because the Court overlooked the threshold question of whether it had subject-matter jurisdiction to grant leave to amend. *See* Dkt. 42 (Mot.). And if the Court does not determine that it lacks jurisdiction to entertain the Browns' third complaint (despite the Browns never properly invoking jurisdiction in the first place), it should at least certify its order for interlocutory review. *See id.*; 28 U.S.C. § 1292(b). This key jurisdictional question concerns whether this case can proceed. And whether decided now or later, the Sixth Circuit will eventually need to review this threshold issue if the Browns prevail. To be sure, even their third complaint fails to state any claim that belongs in federal court, as the City and State of Ohio have explained. *See* Dkts. 44, 45. But this Court lacks jurisdiction to even get there.

In response, the Browns continue to improperly contort the law and facts to serve their pursuit of a domed Brook Park stadium. Dkt. 47 (Opp.). To get around reconsideration, the Browns half-heartedly say that this Court did indeed address this threshold jurisdictional argument. But with respect, that determination appears nowhere in this Court's order; it remains unclear how this Court could possess jurisdiction here when the Browns have so clearly tried to "create jurisdiction by amending their complaint[] to add a new federal claim." *In re DePuy Orthopaedics, Inc. ASR Hip Implant Prods. Liab. Litig.*, 953 F.3d 890, 895 (6th Cir. 2020).

To avoid certification (and unfairly disparage the City's "reasonableness," Opp. 1), the Browns principally try to reframe this dispute as one concerning the liberal Civil Rule 15 standard rather than a threshold jurisdictional issue. But that intentionally obfuscates this motion's implications. To borrow the Browns' phrase, any "first-year law student knows" that subject-matter jurisdiction concerns a court's authority to proceed at all and that courts have a constitutional obligation to address it—regardless of the type of motion at issue or whether a

hypothetical new lawsuit could correct that defect. Opp. 1. Subject-matter jurisdiction implicates courts' "*power* to adjudicate," *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998), and thus a court must dismiss when it "determines at any time that it lacks subject-matter jurisdiction," Fed. R. Civ. P. 12(h)(3). A ruling on this issue at this time dictates whether the Browns can proceed *at all*. Otherwise, the Sixth Circuit will have to address this issue down the road if the Browns prevail—meaning all of the parties' and Court's efforts could be wasted in that event.

The Browns also seem to subtly suggest that that they did not even *need* to amend their complaint to proceed with this case. But that begs an obvious question: Why, then, would the Browns with new counsel substantially delay these proceedings to entirely rewrite their complaint (without changing any substance) to cure the exact jurisdictional issues that the City identified— especially when the Browns repeatedly and unjustifiably criticize the City for the case's lack of progress? *See, e.g.*, Opp. 1. The answer is equally obvious: The Browns knew that their prior complaints were jurisdictionally defective. And they know now that they face dismissal if this Court cannot grant an amendment to correct those flaws—a power that this Court does not have.

All told, the Court should reverse course on this jurisdictional issue or let the Sixth Circuit weigh in now to avoid unnecessarily sapping litigant and judicial resources in the meantime.

## ARGUMENT

None of the Browns' responses change that this Court should either (I) reconsider its order granting the Browns' motion to amend or (II) certify the interlocutory order for immediate appeal.

### I. THIS COURT OVERLOOKED THE JURISDICTIONAL ARGUMENT.

The parties agree that this Court has the power to reconsider its prior rulings. Opp. 1. And despite their hand-waving about when courts grant reconsideration (Opp. 2–3), the Browns do not dispute that courts find the criteria for reconsideration satisfied when the court has "overlooked" prior, material arguments raised by the parties, Mot. 2 (collecting cases). That occurred here, as

2

the Court never addressed the City's argument about subject-matter jurisdiction.

The Browns begin by criticizing the City for "repris[ing]" and "rehash[ing]" the prior jurisdictional arguments. Opp. 1, 4. But that misses the entire point: A court cannot overlook arguments that were not previously raised. In fact, courts generally find it *inappropriate* when parties "use a motion for reconsideration to raise new legal arguments that could have been raised" earlier. *Roger Miller Music, Inc. v. Sony/ATV Publ'g*, 477 F.3d 383, 395 (6th Cir. 2007).

The Browns next surmise that the Court "summar[ily]" addressed this jurisdictional argument when it said, "Cleveland raises similar futility arguments [to the State of Ohio]." Opp. 3 (citing Dkt. 40 at 3). But that cannot be right. This jurisdictional argument is entirely separate from futility—which appeared in a different section (and many pages later) in the City's opposition brief. *Compare* Dkt. 37 at 4–7 (jurisdictional argument), *with id.* at 13–15 (futility). And this jurisdictional argument could not have been "similar" to any argument raised by the State, given that the State did not raise any jurisdictional argument like this one. Respectfully, then, the only explanation apparent from the order is that the Court overlooked this argument. *Contra* Opp. 3.

Lastly, the Browns contend that even if the Court overlooked this jurisdictional argument, reconsidering this issue is not a "clear error" or "manifest injustice" because Civil Rule 15's amendment standard is liberal. Opp. 4–5. But this argument, too, elides the point. If this Court lacked the power to grant amendment (because it also lacked subject-matter jurisdiction in this case), then this entire case should be dismissed *now*. It does not matter how "clearly" a court lacks jurisdiction to proceed. Nor does it matter that courts often grant leave to amend *when they have the jurisdiction to do so*. Jurisdiction—definitionally—is not a matter of discretion. So allowing the case to proceed when the Court lacks jurisdiction is a fundamental error that prejudices the City—who must continue expend resources litigating this improper federal lawsuit.

3

The City thus respectfully asks this Court to reconsider its prior ruling in light of this jurisdictional argument overlooked by the Court's order. The motion for leave should be denied.

## II. IN THE ALTERNATIVE, THIS COURT SHOULD CERTIFY THE ORDER GRANTING THE MOTION TO AMEND FOR INTERLOCUTORY APPEAL.

If this Court does not reconsider its prior ruling, it should certify its order for immediate appeal. Interlocutory appeals are appropriate when (1) an order "involves a controlling question of law," (2) there is a "substantial ground for difference of opinion," and (3) immediate appeal "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The order here satisfies all three of those prerequisites. *See* Mot. 4–6; *contra* Opp. 5–8.

**1.　Controlling Question.** A court's jurisdiction to proceed is a quintessential controlling question. *See, e.g.*, *In Re Perdue*, 2010 WL 907951, at *4 (N.D. Ohio Mar. 11, 2010) (issue "affect[ing] whether the court has jurisdiction . . . involves a controlling question of law"); *GreenState Credit Union v. Hy-Vee, Inc.*, 500 F. Supp. 3d 799, 807 (D. Minn. 2020) ("[W]hether the exercise of general jurisdiction . . . is proper involves a controlling question of law."); *Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 921 F.2d 21, 24 (2d Cir. 1990) ("we have granted certification when the order involved issues of . . . subject matter jurisdiction").

To escape this straightforward reality (and others), the Browns misleadingly attack a strawman by saying that the City's motion merely concerns "granting plaintiffs leave to further amend their pleadings." Opp. 5; *see also* Opp. 1, 8. But that conveniently ignores what is driving this dispute—whether this Court even had the *power* under Article III of the Constitution to allow this case to continue when the Browns never properly invoked federal-question jurisdiction. So this is no mine-run Civil Rule 15 question; rather, it is a threshold "controlling question of law" over this Court's power to act. 28 U.S.C. § 1292(b).

4

**2.     Substantial Ground for Disagreement.**     On the merits, the ground for disagreement is clear—the Sixth Circuit has specifically held that parties cannot "create jurisdiction by amending their complaint[] to add a new federal claim." *In re DePuy Orthopaedics*, 953 F.3d at 895. The Browns' only response to this is that *DePuy* is *factually* distinguishable because that case only involved state-law claims before the attempt to inject a new federal claim. Opp. 6. But the Browns never explain why that distinction matters here. The key holding that parties cannot add new federal claims to create jurisdiction—which the Browns ignore—did not turn on *how* the parties previously failed to invoke jurisdiction. So that holding applies with equal force here, where the Browns also failed to invoke a proper federal question before seeking amendment. Other courts have weighed in similarly. *See* Dkt. 37 at 5–7 (collecting cases). For those reasons, there is at least a "substantial ground for difference of opinion" among courts for whether it was permissible to allow amendment under the circumstances here. And "[i]f proceedings that threaten to endure for several years depend on an initial question of jurisdiction"—as with this case—certification is justified even "at a relatively low threshold of doubt." 16 Wright & Miller, Fed. Prac. & Proc. Juris. § 3930 (3d ed. May 2025 Update).

**3.     Materially Advancing the Litigation.**     Determining whether this Court has jurisdiction to proceed now—rather than potentially on appeal after full proceedings in this case— will materially advance the litigation. *See, e.g.*, *Deutsche Bank Nat'l Tr. Co. v. Weickert*, 638 F. Supp. 2d 826, 831 (N.D. Ohio 2009) ("Clearly the issue of federal subject-matter jurisdiction would materially affect the final disposition of this case."); *Rose v. Giamatti*, 721 F. Supp. 924, 927 (S.D. Ohio 1989) (noting that "[t]he basic reason for this Court's certification of the jurisdictional issue for immediate appeal . . . was to remove a cloud of uncertainty"). Allowing this case to proceed directly to interlocutory appeal would thus "avoid the need for protracted and

expensive litigation" in this forum while this potential jurisdictional defect lingers. *Little v. Louisville Gas & Elec. Co.*, 805 F.3d 695, 699 (6th Cir. 2015).

The Browns' scattered counterarguments are all unconvincing. Opp. 6–8. Start with the most puzzling. The Browns assert that "the City's motion to dismiss the second amended complaint confirms" that "the City is not claiming that the Court lacks jurisdiction to adjudicate the second amended complaint." Opp. 7. But in that motion, on the *exact page cited by the Browns*, the City specifically noted that "this Court also lacks subject-matter jurisdiction in this case and . . . this Court lacked jurisdiction to grant the motion for leave to file the second amended complaint." Dkt. 44-1 at 8 n.2. The City will say it again: This Court lacks jurisdiction to entertain this federal case. The Sixth Circuit would say the same if given the chance.

The Browns also say that resolution of this interlocutory order "would not—could not—resolve the sufficiency of plaintiffs' *first amended complaint*." Opp. 7 (emphasis added). That is simply wrong. The entire basis for this motion is that this Court lacked jurisdiction under that prior complaint and thus this Court also lacked the power to grant leave to file an amendment to retroactively obtain jurisdiction. So if the Court lacked jurisdiction to grant leave to amend, then it *necessarily* lacked jurisdiction over the prior complaint as well (which is why the Browns sought to amend in the first place). To the extent the Browns suggest that they properly asserted federal-question jurisdiction before (*see* Opp. 6–7), they are wrong for the reasons the City explained in the prior motion to dismiss. It also prompts the question: If the Browns were so confident that their prior complaint was perfectly fine, why would they entirely rewrite it to address all of the City's jurisdictional arguments while keeping the same basic substantive claims—especially when they have been constantly urging for this case to proceed faster? *See, e.g.*, Opp. 1. Plainly, the Browns know that their prior complaint was jurisdictionally faulty; and unless this Court can

retroactively create jurisdiction that did not previously exist, their case must be dismissed. The Sixth Circuit should thus address that fundamental question if this Court does not resolve it first.

Finally, the Browns claim that if a court ultimately determines that there is no jurisdiction here, they could refile a hypothetical new lawsuit to properly invoke jurisdiction. Opp. 7. Even if they could do so, that *potential* future lawsuit does not change the calculus for this one. Article III of the Constitution does not contain an exception for hastily filed lawsuits like this one. Nor is jurisdiction a matter of convenience. Rather, it concerns federal courts' "*power* to adjudicate the case." *Steel Co.*, 523 U.S. at 89. And so "[a] federal court's entertaining a case that is not within its subject matter jurisdiction is no mere technical violation[.]" *In re DePuy Orthopaedics*, 953 F.3d at 893. Resolving jurisdictional defects is thus anything but "an unnecessary detour." Opp. 7.

This "fairness" argument cuts against the Browns in any event. If the Browns eventually win, and the Sixth Circuit reverses this case because of this jurisdictional defect, all of the resources expended towards final judgment would be wasted. *See, e.g.*, *In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.*, 238 F. Supp. 3d 723, 732 (E.D. Pa. 2017) (certifying order because "if the analysis of this Court is incorrect and the Court in fact does not have jurisdiction over this case, continued litigation would waste time and resources by requiring the Court to render decisions that would ultimately be deemed void." (citation modified)); *Tantaros v. Fox News Network, LLC.*, 465 F. Supp. 3d 385, 390 (S.D.N.Y. 2020) (similar); *Boniface v. Viliena*, 417 F. Supp. 3d 113, 123–24 (D. Mass. 2019) (similar). Plus, it is rich that the Browns complain about judicial resources when they refuse to just allow this dispute to proceed in the pending state-court case that is better-suited for addressing everything in this lawsuit and more.

All told, this question is dispositive and materially affects this Court's power to proceed.

## CONCLUSION

This Court should reconsider its order granting the Browns' motion to amend or, in the alternative, it should certify its order for interlocutory appeal.

Respectfully submitted:

/s/ *Justin E. Herdman*

Justin E. Herdman (0080418)
Tracy K. Stratford (0069457)
James R. Saywell (0092174)
Samuel V. Lioi (0100464)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190
Phone: (216) 586-7108
Fax:    (216) 579-0212
Email: jherdman@jonesday.com
       tkstratford@jonesday.com
       jsaywell@jonesday.com
       slioi@jonesday.com

Mark D. Griffin (0064141)
Director of Law
City of Cleveland, Department of Law
601 Lakeside Avenue, Room 106
Cleveland, Ohio 44114-1077
Tel: (216) 664-2800
Email: MGriffin@clevelandohio.gov

*Attorneys for Defendant The City of Cleveland*

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing was filed electronically on the 19th day of June, 2025.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*s/ Justin E. Herdman*

*One of the Attorneys for Defendant The City of Cleveland*