# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| CLEVELAND BROWNS FOOTBALL COMPANY LLC, et al. | ) CASE NO. 1:24-CV-01857 )  ) |
| Plaintiffs, | ) JUDGE DAVID A. RUIZ ) |
| vs. | )  ) ) Magistrate Judge |
| THE CITY OF CLEVELAND, et al. | ) Jonathan D. Greenberg ) |
| Defendants, | )  ) ) Motion to Hold Deadlines in Abeyance |
| STATE OF OHIO, | )  ) |
| Intervenor. | ) |

## MOTION TO HOLD DEADLINES IN ABEYANCE

The Browns brought this preemptive lawsuit to challenge the constitutionality and applicability of Ohio Rev. Code § 9.67—the so-called "Modell Law" enacted in 1996—to pave the way for their desired move from Cleveland to Brook Park, Ohio. Defendants respectfully ask this Court to hold all current deadlines in abeyance pending the Browns addressing how recent legislative developments affect this case's proceedings.

**1.** Following the Browns' (and their owners') relentless lobbying, this week the Ohio General Assembly passed new legislation that deprives Ohio citizens of $600 million that belongs to them and gives it to the Browns to build a new stadium in Brook Park while *also* amending the

1

Modell Law. *See* Ohio Sub. H.B. 96.[1] This proposed amendment to the Modell Law—the "Haslam Law"—purports to rewrite the Modell Law to expressly state what the Browns have argued the statute means, contrary to its existing text. The bill awaits the Governor's action, which is anticipated at any moment.

2. This new development prompted by the Browns' lobbying efforts raises questions about the viability of this action because, "[i]n most cases, the repeal or amendment of a law moots challenges to the original law." *Midwest Media Prop., L.L.C. v. Symmes Township*, 503 F.3d 456, 460–61 (6th Cir. 2007); *see also, e.g.*, *Kentucky Right to Life, Inc. v. Terry*, 108 F.3d 637, 644 (6th Cir. 1997) (amendments to challenged laws renders claims moot). At the very least, the new amendment further upends the Browns' prior arguments that this Court is the right one to handle this dispute—as the applicability of the Haslam Law to this ongoing dispute will turn on several state-law issues of statutory interpretation, retroactivity, and other state-law doctrines. *Cf.* Doc. 44-1 at 6–9 (discussing abstention doctrines). And regardless of which version of Ohio Rev. Code § 9.67 applies to the parties' dispute, the City retains independent breach-of-contract claims in its currently pending state-court lawsuit. Compl. ¶¶ 76–121, *City of Cleveland v. Haslam Sports Grp., LLC*, No. CV-25-110189 (Ohio Ct. C.P. Cuyahoga Cnty. Jan. 14, 2025).

3. Meanwhile, Defendants (and the State of Ohio) have upcoming deadlines in this case, including an answer to the Browns' third complaint on June 30, finalization of ongoing briefing for the motion to dismiss, and a case management conference. *See, e.g.*, Docs. 44, 45, 48, 50. Although the City maintains that this Court lacks jurisdiction over this case regardless of this intervening legislative change, *see* Docs. 42, 49, Defendants, the State of Ohio, and this Court

---

[1] *See also* Jeremy Pelzer, *Ohio lawmakers quietly gut 'Modell Law' to help Browns relocate*, Cleveland.com (Updated June 26, 2025), https://www.cleveland.com/news/2025/06/ohio-lawmakers-quietly-gut-modell-law-to-help-browns-relocate.html.

should not have to waste any additional resources before the Browns explain whether they continue to view this case as presenting a live controversy.

4. Courts have the inherent authority to manage their dockets for the efficient use of judicial resources, including to hold deadlines in abeyance. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *cf., e.g.*, *Midwest Unity, Inc. v. Catalina Grp., LLC*, 2021 WL 6051818, at *1 (N.D. Ohio Dec. 21, 2021) (motions in abeyance); *McKinney v. Carlton Manor Nursing & Rehab. Ctr., Inc.*, 2016 WL 705257, at *2 (S.D. Ohio Feb. 23, 2016) (similar); *Hazard Coal Corp. v. Am. Res. Corp.*, 2021 WL 4504685, at *9 (E.D. Ky. Sept. 30, 2021) (similar); *Potomac Elec. Power Co. v. Leavitt*, 142 F. App'x 154, 159 (4th Cir. 2005) (motion in abeyance pending determination of mootness). Defendants thus respectfully ask that this Court hold any pending deadlines in abeyance until the Browns take a position on (1) whether they will voluntarily dismiss this case or (2) if not, how the Haslam Law affects their third complaint. If the Browns do not intend to voluntarily dismiss this lawsuit, Defendants ask that all current responsive deadlines by Defendants should be tolled until at least 7 days after the Browns have responded to this Court with their position on how the Haslam Law affects this case. A proposed order is attached.

Respectfully submitted:

/s/ *Justin E. Herdman*

Justin E. Herdman (0080418)
Tracy K. Stratford (0069457)
James R. Saywell (0092174)
Samuel V. Lioi (0100464)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190
Phone: (216) 586-7108
Fax:　 (216) 579-0212
Email: jherdman@jonesday.com
　　　 tkstratford@jonesday.com
　　　 jsaywell@jonesday.com
　　　 slioi@jonesday.com

Mark D. Griffin (0064141)
Director of Law
City of Cleveland, Department of Law
601 Lakeside Avenue, Room 106
Cleveland, Ohio 44114-1077
Tel: (216) 664-2800
Email: MGriffin@clevelandohio.gov

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing was filed electronically on the 27th day of June, 2025. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*s/ Justin E. Herdman*

*One of the Attorneys for Defendants*
