UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| CLEVELAND BROWNS FOOTBALL COMPANY LLC, | Case No. 1:24-CV-01857-DAR |
| CLEVELAND BROWNS STADIUM COMPANY LLC, | Judge David A. Ruiz |
| HASLAM SPORTS GROUP, LLC, | |
| JHAC, LLC, | |
| Plaintiffs, | |
| vs. | |
| THE CITY OF CLEVELAND, | |
| MARK D. GRIFFIN, in his official capacity, | |
| Defendants, | |
| THE STATE OF OHIO, | |
| Intervenor-Defendant. | |

**MOTION REGARDING PROPER PROCEDURE FOR
DETERMINATION OF MOOTNESS**

## INTRODUCTION

This action is currently stayed until further order of the Court upon defendant City of Cleveland's motion to "hold deadlines in abeyance," based on its assertion that this action is moot. Mot. (Doc. 51) at 1. The Court declined, however, to condition any lifting of the stay on the condition proposed by the City: the Browns' showing that the action continues to present a live controversy. The Court was right to do so.

As the party claiming mootness, it is the City who bears the burden of establishing mootness. And the City did not even attempt to carry that burden—for good reason. Although the City claims that the Modell Law amendment mooted this action, the City has not withdrawn its state court suit seeking to enforce the original statute against the Browns. Nor has the City otherwise conclusively conceded that it no longer has any claim under the original statute. To the contrary, the City has told the state court that the temporary stay of this action supports *further* litigation in the state court. In other words, the City takes the cynical position that while its suit to enforce the original Modell Law against the Browns is not moot, the Browns' suit challenging the City's enforcement of the Modell Law is.

Under long-standing authority, the proper vehicle for raising a mootness objection is a Rule 12(b)(1) motion to dismiss the complaint. And a defendant is not automatically entitled to a stay pending the resolution of a Rule 12 dismissal motion. The Browns accordingly request that the City be required to promptly raise its mootness objection in a Rule 12(b)(1) motion or abandon it. And the Browns also request that any further stay be ordered only if the City moves for a stay pending disposition of that motion and if it is determined, following an opportunity for the Browns to be heard, that the City has satisfied the standard for imposing such a stay.

## BACKGROUND

In April 2024, the Browns presented the City with a proposal for a stadium in Brook Park, less than a mile from the City line, to be their new home after their current lease of Huntington Bank Field expires in February 2029. Compl. (Doc. 41) ¶ 60. The City responded by passing Emergency Ordinance 391-2024, "direct[ing]" its lawyers to "fully enforce" R.C. 9.67—the Modell Law—"to keep the Cleveland Browns in the City of Cleveland" and bar their eventual move to a new stadium in Brook Park. *Id.* ¶ 63.

After months of enforcement threats by the City, the Browns brought this action, claiming that the City's enforcement of the Modell Law against them would violate the U.S. Constitution. Several months later, the City made good on its threat. The City brought suit in the Cuyahoga County Common Pleas Court, claiming that the Browns were in present violation of the Modell Law (Count I), that the Browns were also in breach of their stadium lease agreement because it effectively incorporated the provisions of the Modell Law and required compliance with the statute's terms (Count II), and seeking declaratory and injunctive relief (Count III), as well as damages. Litigation has since proceeded in both this Court and the Common Pleas Court.

Then, on June 27, the City moved to stay this case, invoking a proposed amendment to the Modell Law, expected to be signed into law by the Governor on June 30 as part of the biennial state budget. Mot. ¶¶ 1-2; *see* H.B. 96, 136th Gen. Assemb., Reg. Sess., at 35-36 (Ohio 2025), https://www.legislature.ohio.gov/legislation/136/hb96. The City described the amendment as "rewrit[ing] the Modell Law to expressly state what the Browns have argued the statute means, contrary to its existing text." Mot. ¶ 1. Among other things, the amendment provides that the Modell Law does not apply to a sports team's move to another stadium within the state. *See* H.B. 96, at 35.

2

As the City anticipated, the budget was signed into law on June 30. The budget legislation included the Modell Law amendment and the authorization of a $600 million performance grant for the Brook Park stadium project. The next day, July 1, the City informed the Common Pleas Court that this action had been "stayed indefinitely" and argued that it is "now" "obvious" that its suit in the Common Pleas Court "is the only way to resolve the claims between these parties." Ex. A (Notice of Stay of Federal Court Action, *City of Cleveland* v. *Haslam Sports Grp., LLC*, No. CV-25-110189) at 2.

## ARGUMENT

The City's stay motion contends that the Browns are obligated to either voluntarily dismiss this action or "explain" why it is not mooted by the amendment of the Modell Law. Mot. ¶¶ 3-4. That is plainly wrong, as longstanding authority of the Sixth Circuit and the U.S. Supreme Court demonstrates. It is the City who bears the burden of proving—not the Browns who bear the burden of disproving—the City's assertion that this action is moot. "The heavy burden of demonstrating mootness rests on the party claiming mootness." *Sullivan* v. *Benningfield*, 920 F.3d 401, 410 (6th Cir. 2019) (quoting *Cleveland Branch, N.A.A.C.P.* v. *City of Parma*, 263 F.3d 513, 531 (6th Cir. 2001)); *see also W. Virginia* v. *EPA*, 597 U.S. 697, 719 (2022) ("[T]he Government, not petitioners, bears the burden to establish that a once-live case has become moot.").

That is not the only way the City's motion gets well-settled law wrong. A party does not properly raise a claim of mootness by moving for a stay and then throwing the issue to its opponent—as the City did here. "[M]ootness is a jurisdictional question." *In Re Flint Water Cases*, 63 F.4th 486, 497 (6th Cir. 2023). So, as this Court has recognized, "a motion to dismiss for mootness is properly brought pursuant to Fed. Rule Civ. P. 12(b)(1)." *City of Streetsboro* v. *Fraternal Ord. of Police*, 2004 WL 3710234, at *2 (N.D. Ohio July 23, 2004). And a Rule 12(b)(1)

3

motion "challenging the court's jurisdiction"—the motion the City should have brought—"may be filed at any time." *Perna* v. *Health One Credit Union*, 983 F.3d 258, 274 (6th Cir. 2020) (citing Fed. R. Civ. P. 12(b)(1), (h)(3)).

The City's motion suggests that a mootness determination is nothing but a formality because the Modell Law amendment necessarily moots the Browns' claims. On this point as well, the City is mistaken. It is true that "[r]epeal of a challenged law can, in some cases, render a case or controversy moot." *Sullivan*, 920 F.3d at 410 (citing *Ky. Right to Life, Inc.* v. *Terry*, 108 F.3d 637, 644 (6th Cir. 1997)). "[B]ut a case or controversy 'does not cease to exist merely by virtue of a change in the applicable law.'" *Id.* at 410-11 (quoting *Hamilton Cnty. Educ. Ass'n* v. *Hamilton Cnty. Bd. of Educ.*, 822 F.3d 831, 835 (6th Cir. 2016)). The City's own authority proves the point. *See Midwest Media Prop., L.L.C.* v. *Symmes Twp.*, 503 F.3d 456, 461 (6th Cir. 2007) (rejecting contention that action was mooted by the amendment of challenged township regulations).

Mootness thus does not hinge on whether the challenged law has been amended or repealed. "Ultimately, the test for mootness is whether the relief sought would, if granted, make a difference to the legal interests of the parties." *Sullivan*, 920 F.3d at 410 (internal quotation marks omitted). Accordingly, "where the changes in the law arguably do not remove the harm or threatened harm underlying the dispute, the case remains alive and suitable for judicial determination." *Id.* at 410-11 (internal quotation marks and alterations omitted).

That is the situation here. The "harm or threatened harm underlying the dispute" is the City's active effort to enforce the Modell Law against the Browns. *Id.* The amendment does not eliminate that harm because the City continues to prosecute its enforcement suit in state court— the very conduct that the Browns challenge as unlawful in this action. And the City has neither acted, nor indicated any intention, to cease its effort to enforce the Modell Law and dismiss that

suit. Far from ceding any claim under the prior version of the Modell Law, the City's motion reveals the City's intent to pursue such claims. The City expressly argues in its motion that "the applicability" of the amended Modell Law "to this ongoing dispute will turn on" issues such as "retroactivity." Mot. ¶ 2. And the City has told the state court that it is "now" even more "obvious" its suit there should proceed. Ex. A at 2.

As the Sixth Circuit has explained, "before voluntary cessation of a practice could ever moot a claim, the challenged practice must have *actually ceased*." *Sullivan*, 920 F.3d at 411 (emphasis in original). Here the challenged practice—the City's unlawful enforcement of the Modell Law—has not ceased. So the harm threatened by its unlawful enforcement has not ceased either. To the contrary, the City persists in its efforts to enforce the statute by pursuing its claims in the Common Pleas Court—the same claims it calls moot in this Court. The City's continued efforts to enforce the Modell Law establish that the Browns need the relief they seek now just as much as they did before the amendment. *See id.* (reversing determination of mootness because, regardless of passage of new legislation, the government defendants "did not in fact cease their challenged conduct"); 13C Charles Alan Wright *et al.*, *Federal Practice and Procedure* § 3533.6 (3d ed. 1998) ("expiration" of a statute "does not moot questions arising from continuing enforcement").

The Browns do not just need relief at some point—they need it soon. The Browns brought this suit last year, in 2024, because obtaining the financing and approvals necessary to develop a new stadium in Brook Park, let alone the construction itself, will take years. Prompt resolution of the Browns' claims is critical because the Browns must take action now to have any hope of building a new stadium in Brook Park by the time their current lease expires and before the 2029 NFL season begins.

5

For these reasons, a lengthy stay of these proceedings as a result of the City's motion would be unjustified. None of the City's authorities support the stay it sought—a stay pending the counterparty's showing of non-mootness.[1] To the contrary, courts "frequently . . . den[y] stays of discovery in the face of motions to dismiss for lack of subject matter jurisdiction." *Reynolds* v. *Air Line Pilots Ass'n Int'l*, 2024 WL 4277817, at *3 (S.D. Ohio Sept. 24, 2024) (stay "typically" denied unless "the jurisdictional issue is 'clear cut'"); 8A Charles Alan Wright *et al.*, *Federal Practice & Procedure* § 2037 ("[C]ourts do not automatically grant such [stay] requests and instead may determine whether the moving party has demonstrated a likelihood of success on its motion to dismiss.").

Here, the City has not even moved to dismiss the complaint based on mootness, let alone moved to stay the case pending the disposition of that motion. In this posture, a defendant is not entitled to a stay of the action. In *OutMemphis* v. *Lee*, 2024 WL 2138625 (W.D. Tenn. May 13, 2024), for instance, the defendants moved to stay the case on the ground that the challenged law had been amended during the pendency of the litigation. The court denied the stay, ruling that "[t]he question of whether" the statutory amendment "moot[s] [plaintiff's] claims can and should be addressed in Motions to Dismiss at the appropriate time." *Id.* at *3. The same is true here.

## CONCLUSION

For the foregoing reasons, the Browns request that the City be required to promptly raise its mootness objection in a Rule 12(b)(1) motion or abandon it, and that any further stay be ordered only if the City moves for a stay pending disposition of that motion and if it is determined,

---

[1] The only decision the City cited that concerned mootness does not justify any stay of these district court proceedings. In *Potomac Electric Power Co.* v. *Leavitt*, 142 F. App'x 154 (4th Cir. 2005), a litigant moved to dismiss an *appeal* as moot and the Fourth Circuit ordered the motion held in abeyance until the district court could make an initial mootness determination that addressed any relevant factual disputes.

6

following an opportunity for the Browns to be heard, that the City has satisfied the standard for imposing such a stay.

                                           Respectfully submitted,

                                           */s/ Anthony C. White*
                                           Anthony C. White (0062146)
                                           Robert F. Ware (0055515)
                                           Kip T. Bollin (0065275)
                                           Thomas M. Ritzert (0085370)
                                           Kyle A. Hutnick (0095673)
                                           THOMPSON HINE LLP
                                           3900 Key Center
                                           127 Public Square
                                           Cleveland, OH 44114
                                           Phone: (216) 566-5500
                                           Fax: (216) 566-5800
                                           Tony.White@ThompsonHine.com
                                           Rob.Ware@ThompsonHine.com
                                           Kip.Bollin@ThompsonHine.com
                                           Thomas.Ritzert@ThompsonHine.com
                                           Kyle.Hutnick@ThompsonHine.com

                                           William Savitt (*pro hac vice*)
                                           Bradley R. Wilson (*pro hac vice*)
                                           Anitha Reddy (*pro hac vice*)
                                           Adam M. Gogolak (*pro hac vice*)
                                           WACHTELL, LIPTON, ROSEN & KATZ
                                           51 West 52nd Street
                                           New York, NY 10019
                                           Phone: (212) 403-1000
                                           Fax: (212) 403-2000
                                           WDSavitt@wlrk.com
                                           BRWilson@wlrk.com
                                           AReddy@wlrk.com
                                           AMGogolak@wlrk.com

                                           *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

  I hereby certify that a copy of the foregoing was filed electronically on July 10, 2025, and counsel of record will receive a notice of filing through the Court's electronic filing system in accordance with Fed. R. Civ. P. 5(b)(2)(E) and this Court's Local Rules.

                */s/ Anthony C. White*
                Anthony C. White (0062146)

                *One of the Attorneys for Plaintiff*