IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CLEVELAND BROWNS FOOTBALL COMPANY LLC, et al. | ) ) ) | CASE NO. 1:24-CV-01857 |
| Plaintiffs, | ) ) ) | JUDGE DAVID A. RUIZ |
| vs. | ) ) ) | Magistrate Judge |
| THE CITY OF CLEVELAND, et al. | ) ) ) | Jonathan D. Greenberg |
| Defendants, | ) ) | Response to Motion Regarding Proper |
| STATE OF OHIO, | ) ) | Procedure for Determination of Mootness |
| Intervenor. | ) | |

### RESPONSE TO PLAINTIFFS' MOTION REGARDING PROPER PROCEDURE FOR DETERMINATION OF MOOTNESS

The Browns' latest motion (Doc. 52) reflects a deep misunderstanding not only of the City's earlier motion to hold deadlines in abeyance (Doc. 51), but also of the state of this case.

**1.** On the City's earlier motion to hold deadlines in abeyance (which this Court partially granted on June 30): The City did not "rais[e] a mootness objection" or otherwise "assert[] that this action is moot," as the Browns suggest. Doc. 52 at 1 (PageID 1011). Rather, the City merely pointed out that the Browns—who have relentlessly lobbied to have Ohio's General Assembly and Governor amend the Modell Law, *see* Doc. 51 at 1–2 (PageID 1011–12)— might no longer wish to maintain this federal action, which is predicated on the Browns being subject to the unamended Modell Law. Before the defendants answer the complaint, and before

1

this Court spends any more time on this case, it would be worth hearing from the party who just successfully lobbied to change the very law they are claiming is unconstitutional.

**2.** On the state of this case: This case is stayed by order of this Court. *See* Non-Document Order (June 30, 2025). There is thus no need for this Court to decide the "proper procedure" for determining mootness or to determine whether a "further stay be ordered." *Contra* Doc. 52 at 6 (PageID 1016). Under the status quo, the case is already stayed.

And the case should remain stayed. Indeed, the merits of a stay have only grown much stronger since the Court's June 30 stay order. After the Browns filed their motion regarding mootness (last Thursday, July 10), the state court denied the Browns' motion to dismiss the City's state-court lawsuit. *See* Exhibit A (Opinion and Judgment Entry, *City of Cleveland v. Haslam Sports Group, LLC*, No. CV-25-110189 (Cuyahoga C.P. July 11, 2025)). "In the within case," the state court explained, "the City has initiated legal proceedings because actions that have already occurred." Ex. A at 2. Specifically, the court said, "[t]he Browns have made it clear that they will not fulfill their contractual duties with the City." *Id.* And so, the court held, "[t]he City's claims are ripe and ready for the Court's adjudication." *Id.* at 3. The state court thus refused to stay the state case, holding instead that "[t]he claims *should proceed on their merits*" in state court. *Id.* at 1–3 (emphasis added).

With the state case "ripe and ready" for the state court's adjudication, *id.* at 3, the City moved in state court for partial summary judgment on a state-law issue of breach of contract. Briefing on that motion is ongoing in state court. The state court will accordingly soon decide whether to grant judgment on a breach-of-contract claim completely independent of this federal-court action. If it does, the Browns will be prevented from taking further actions toward their

planned Brook Park move—unrelated to the Modell Law. And there would be no reason (and no justification) for this Court to do anything with this case, which involves only the Modell Law.

The recent happenings in state court are just the latest things that make adjudication of the constitutionality of the Modell Law in federal court unnecessary and improper. There are now at least six events that must happen before this Court could properly address the constitutional merits. *First*, the City would have to lose in state court on its recently filed motion. *Second*, this Court would have to decide to lift the stay that it previously entered and to deny the City's pending motion for reconsideration. *Third*, the Browns would have to decide to continue to maintain this federal action (necessarily arguing that the old Modell Law still applies to them), despite spending all their efforts to amend the law they previously wanted declared unconstitutional. *Fourth*, the state court would have to decide whether, under state law, the previous version of the Modell Law continues to apply to the Browns. *Fifth*, if so, the state court would also have to decide whether, as a matter of state law, the previous version of the Modell Law covers the Browns' conduct. And *sixth*, this Court would have to deny the City's and State's motions to dismiss, including on *Pullman* abstention grounds. Only then would this case *begin* to be ready for adjudication on the constitutional merits.

## CONCLUSION

For these reasons, this Court should maintain the status quo, allowing all these threshold state-law issues to play out where they belong—in state court—while this case remains stayed. This Court should therefore deny the Browns' motion regarding mootness (Doc. 52) as moot.

Respectfully submitted:

/s/ Justin E. Herdman

| | |
|---|---|
| Mark D. Griffin (0064141) | Justin E. Herdman (0080418) |
| Director of Law | Tracy K. Stratford (0069457) |
| City of Cleveland, Department of Law | James R. Saywell (0092174) |
| 601 Lakeside Avenue, Room 106 | JONES DAY |
| Cleveland, Ohio 44114-1077 | North Point |
| Tel: (216) 664-2800 | 901 Lakeside Avenue |
| Email: MGriffin@clevelandohio.gov | Cleveland, OH 44114-1190 |
| | Phone: (216) 586-7108 |
| | Fax:    (216) 579-0212 |
| | Email: jherdman@jonesday.com |
| |         tkstratford@jonesday.com |
| |         jsaywell@jonesday.com |

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing was filed electronically on the 16th day of July, 2025. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

<u>*s/ Justin E. Herdman*</u>

*One of the Attorneys for Defendants*