# EXHIBIT A



198556565

# IN THE COURT OF COMMON PLEAS
# CUYAHOGA COUNTY, OHIO

CITY OF CLEVELAND
    Plaintiff

Case No: CV-25-110189

Judge: LAUREN C MOORE

HASLAM SPORTS GROUP, LLC, ET AL.
    Defendant

**JOURNAL ENTRY**

OPINION AND JUDGMENT ENTRY. OSJ

_____  7-11-25
Judge Signature        Date

FILED
2025 JUL 11 A 9: 13
CLERK OF COURTS
CUYAHOGA COUNTY

07/10/2025

Page 1 of 1

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

THE CITY OF CLEVELAND,

        Plaintiff,

v.

HASLAM SPORTS GROUP, LLC, et al.,

        Defendant.

CASE NO. CV -25-110189

JUDGE LAUREN C, MOORE

**OPINION AND JUDGMENT ENTRY**

This case is before the Court on Defendants Cleveland Browns Football Company LLC, and Haslam Sports Group LLC's (Browns) Motion to Stay the Action or in the Alternative, Dismiss the Complaint. The issues have been fully briefed and were argued to the Court on May 20, 2925.

I.    <u>MOTION TO STAY THE PROCEEDINGS</u>

Defendants filed a motion to stay the Common Pleas proceeding during the pendency of the action they had filed in Federal court captioned *Cleveland Browns Football Company LLC. v. City of Cleveland,* No. 1:24-cv-01857 (N.D. Ohio 2024). In this federal case, the Browns disputed the Constitutionality of the Modell law.

On June 30, 2025, the Federal District Court issued in the federal court stating: "Order [non-document] partially granting Defendants' [51] Motion to Hold Deadlines in Abeyance. At this time, the Court declines to order Plaintiffs to address the implications of the pending budget legislation. However, all deadlines are held in abeyance, and this action is stayed until further

Order of the Court. " *Cleveland Browns Football Company, LLC v. City of Cleveland*, No. 1:24-cv-01857 (N.D. Ohio June 30, 2024).

Because the Federal action is stayed indefinitely, the Court finds that the issue of staying the Common Pleas case during the pendency of the Federal Court case is moot. Therefore, the Defendants' Motion to Stay is denied.

II.  MOTION TO DISMISS

In the alternative, the Browns asked that the Complaint be dismissed as unripe. The Browns have made it clear that they will not fulfill their contractual duties with the City. The Browns have given notice to the City that they intend to move, they have finalized the purchase of 167 acres of land in the City of Brookpark, they have given formal notice to the City that they are leaving, they have engaged in frequent strategy and planning meeting with the Mayor of Brookpark, they have entered into a partnership with a contractor for the purpose of constructing a new stadium, and they are procuring financing. The reality is that the move is not a "contigent future event" Mem. At 14. The Browns have unequivocally announced that it is their intention to leave the Huntington Bank Stadium and they are moving forward with plans to depart from Cleveland to Brookpark. The issue of the Browns leaving the City of Cleveland is on longer hypothetical.

A case ripens when an injury has already happened. Controversy ripens when the plaintiff has been injured. *Reed v. Goertz*, 598 U.S. 230, 234 (2023); *State v. Maddox*, 2022-Ohio-764, ¶ 8 (2022); *Thomas v. Union Carbide Agr. Prods. Co.*, 473 U.S. 568, 580–81 (1985). In the within case, the City has initiated legal proceedings because actions that have already occurred.

2

The City's claims are ripe and ready for the Court's adjudication. They allege "a set of facts, consistent with the plaintiff's complaint" that "would allow the plaintiff to recover," and "the court may not grant a defendant's motion to dismiss." *Fast Tract Title Servs., Inc. v. Barry*, 2024-Ohio-5216, ¶ 18 (8th Dist.), quoting *O'Brien v. Univ. Comm. Tenants Union, Inc.*, 42 Ohio St.2d 242, 245 (1975). The claims should proceed on their merits.

III. CONCLUSION

For the foregoing reasons, the Defendants' Motion to Dismiss is denied.

_____
JUDGE LAUREM C. MOORE

7-11-25
DATE

3