UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| CLEVELAND BROWNS FOOTBALL COMPANY LLC, <br><br> CLEVELAND BROWNS STADIUM COMPANY LLC, <br><br> HASLAM SPORTS GROUP, LLC, <br><br> JHAC, LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> THE CITY OF CLEVELAND, <br><br> MARK D. GRIFFIN, in his official capacity, <br><br> Defendants, <br><br> THE STATE OF OHIO, <br><br> Intervenor-Defendant. | Case No. 1:24-CV-01857-DAR <br><br> Judge David A. Ruiz |

**REPLY BRIEF IN SUPPORT OF MOTION REGARDING
PROPER PROCEDURE FOR DETERMINATION OF MOOTNESS**

The City is playing games.

The City tells this Court different things at different times to advance its shifting objectives. When it moved to stay this case on June 27, the City asserted that the amendment to the Modell Law "raises questions about the viability of this action because, '[i]n most cases, the repeal or amendment of a law moots challenges to the original law.'" Mot. (Doc. 51) ¶ 2. But as the Browns explained, whatever "questions" the City may have imagined, a federal case does not become moot "merely by virtue of a change in the applicable law," particularly when there is continuing enforcement of the prior law. Mot. (Doc. 52) at 4-5 (quoting *Sullivan* v. *Benningfield*, 920 F.3d 401, 410-11 (6th Cir. 2019)). Rather than supplying a response to this well-settled principle, the City now insists that it "did not 'rais[e] a mootness objection'"—even though that is exactly what it did. Opp. (Doc. 53) ¶ 1.

The City also tells this Court and the state court different things at the same time to advance its shifting objectives. In this Court, the City suggests that the amendment to the Modell Law renders the Browns' lawsuit moot, "point[ing] out that the Browns . . . might no longer wish to maintain this federal action." *Id.* The City may rest assured that the Browns will withdraw their federal action should that become appropriate. But it is surely not appropriate now. That is because the City is telling a very different story in the Cuyahoga County Common Pleas Court. There, the City continues to seek adjudication of the very same complaint, containing the very same claims, premised on the very same alleged violations of the Modell Law, that it filed months before the Modell Law was amended. The City has not amended its state-court complaint seeking relief under the Modell Law. The City has not stipulated to the state court's dismissal of its Modell Law claims. And the City has not committed to forgo claims against the Browns under the Modell Law for any move, or preparation to move, to a new stadium just beyond city lines.

The City nevertheless tells this Court it need not act because the claim the City is pursuing in state court is merely "a breach-of-contract claim completely independent of this federal-court action." Opp. ¶ 2. But that is not what the City says in its state-court complaint. The lease-breach claim the City pleads in state court is expressly based on an alleged violation of the Modell Law. *See* Ex. A (State Court Complaint) ¶¶ 76-121 (Count II (Breach of Contract)). There, the City alleges that "Section 17 of the Lease provides that the Lessee agrees to 'comply promptly with all present and future laws,'" that "[t]he Modell Law is a duly enacted law relating to the leased premises," and that the Browns "are violating the Modell Law as set forth above, and, therefore, are in breach of their contractual obligations under the Lease." *Id.* ¶¶ 80-82.

The City's argument that it is seeking a state-court judgment on a lease-breach claim "completely independent" of the Modell Law is thus a complete fiction. That argument is contradicted not only by the City's own state-court pleading, but also by the City's statements to this Court. After telling this Court that the lease-breach claim is "completely independent" of this action, the City goes on—in the very next paragraph of its response—to argue that this Court need not adjudicate the claims in this action until the state court "decide[s] whether . . . the previous version of the Modell Law continues to apply to the Browns" and "covers the Browns' conduct." Opp. ¶ 2. But the state court would only have to decide whether "the previous version of the Modell Law" applies to the Browns if the City is claiming that it does. The reason the City cannot keep its story straight is that it is trying to create the impression in this Court that it has abandoned all attempts to enforce the Modell Law—at the same time that it continues to invoke the Modell Law in the Common Pleas Court.

So it may be that the Browns "deep[ly] misunderstand" the City's earlier motion—because it tells an artfully shifting story. The Browns' position, by contrast, has remained constant. The

2

Browns brought this action to challenge the City's threatened unconstitutional enforcement of the Modell Law. They did so only after the City passed an ordinance directing its lawyers to "fully enforce" the statute against them. And the City's lawyers complied with that direction by suing the Browns in state court—a suit that remains pending. In pursuing this action, the Browns have always sought, and still seek today, definitive protection from the City's unconstitutional enforcement campaign. The amendment of the Modell Law has not lessened the need for that relief. And that is so for one simple reason: The amendment of the Modell Law has not caused the City to abandon its campaign to enforce the Modell Law.

So the City's suggestion that the Browns should "voluntarily dismiss" this action gets the situation backward. Mot. (Doc. 51) ¶ 4. This case is live—and the Browns have no intention of voluntarily dismissing it—as long as the City maintains its state-court suit to enforce the Modell Law against the Browns. If the City wishes to end this litigation, it may do so at any time in the manner precedent prescribes: by showing that it is "absolutely clear that the allegedly wrongful behavior cannot reasonably be expected to recur." *Sullivan*, 920 F.3d at 410; *see also Already, LLC* v. *Nike, Inc.*, 568 U.S. 85, 91 (2013). That "heavy burden" can be satisfied by a covenant to permanently refrain from making any possible claim or demand against the Browns based on or involving an alleged violation of the Modell Law, as originally enacted or currently amended, for any move, or preparation to move, to a new stadium just beyond city lines. *Sullivan*, 920 F.3d at 410; *see Already*, 568 U.S. at 93 (finding that an "unconditional and irrevocable" covenant not to sue satisfied the defendant's burden to show the case was mooted by its voluntary cessation of its challenged conduct). Should the City do what the law requires, the Browns will be pleased to voluntarily dismiss this action.

3

## CONCLUSION

For the foregoing reasons, any further stay of this action is unwarranted. We appreciate that the Court has scheduled a status conference and look forward to discussing the action and answering any questions the Court may have at that time.

> Respectfully submitted,
>
> */s/ Anthony C. White*
> Anthony C. White (0062146)
> Robert F. Ware (0055515)
> Kip T. Bollin (0065275)
> Thomas M. Ritzert (0085370)
> Kyle A. Hutnick (0095673)
> THOMPSON HINE LLP
> 3900 Key Center
> 127 Public Square
> Cleveland, OH 44114
> Phone: (216) 566-5500
> Fax: (216) 566-5800
> Tony.White@ThompsonHine.com
> Rob.Ware@ThompsonHine.com
> Kip.Bollin@ThompsonHine.com
> Thomas.Ritzert@ThompsonHine.com
> Kyle.Hutnick@ThompsonHine.com
>
> William Savitt (*pro hac vice*)
> Bradley R. Wilson (*pro hac vice*)
> Anitha Reddy (*pro hac vice*)
> Adam M. Gogolak (*pro hac vice*)
> WACHTELL, LIPTON, ROSEN & KATZ
> 51 West 52nd Street
> New York, NY 10019
> Phone: (212) 403-1000
> Fax: (212) 403-2000
> WDSavitt@wlrk.com
> BRWilson@wlrk.com
> AReddy@wlrk.com
> AMGogolak@wlrk.com
>
> *Attorneys for Plaintiffs*

4

## CERTIFICATE OF SERVICE

     I hereby certify that a copy of the foregoing was filed electronically on July 23, 2025, and counsel of record will receive a notice of filing through the Court's electronic filing system in accordance with Fed. R. Civ. P. 5(b)(2)(E) and this Court's Local Rules.

                                         */s/ Anthony C. White*
                                         Anthony C. White (0062146)

                                         *One of the Attorneys for Plaintiffs*