**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| **CLEVELAND BROWNS FOOTBALL COMPANY LLC,**<br><br>**CLEVELAND BROWNS STADIUM COMPANY LLC,**<br><br>**HASLAM SPORTS GROUP, LLC,**<br><br>**JHAC, LLC,**<br><br>**Plaintiffs,**<br><br>vs.<br><br>**THE CITY OF CLEVELAND,**<br><br>**MARK D. GRIFFIN,** in his official capacity,<br><br>**Defendants,**<br><br>**THE STATE OF OHIO,**<br><br>**Intervenor-Defendant.** | Case No. 1:24-CV-01857-DAR<br><br>JUDGE DAVID A. RUIZ<br><br>REPORT OF THE PARTIES' PLANNING MEETING UNDER FED. R. CIV. P. 26(f) and L.R. 16.3(b) |

1. Pursuant to Fed. R. Civ. P. 26(f) and LR 16.3(b), a meeting was held on August 20, 2025, and was attended by:

    a. Thomas Ritzert, Kyle Hutnick, Anitha Reddy, and Adam Gogolak, counsel for Plaintiffs Cleveland Browns Football Company LLC, Cleveland Browns Stadium Company LLC, Haslam Sports Group, LLC, and JHAC, LLC (the "Browns" or "Plaintiffs");

    b. Justin Herdman, Tracy Stratford, and Thomas McIver, counsel for Defendants the City of Cleveland and Mark D. Griffin (collectively, the "City"); and

    c. Bridget Coontz, counsel for Intervenor-Defendant the State of Ohio (the "State").

2. The parties:

  __X__ have exchanged the pre-discovery disclosures required by Rule 26(a)(1) and the Court's prior order;

  _____ will exchange such disclosures by September 3, 2025;

  _____ have not been required to make initial disclosures.

3. The parties recommend the following track: Standard.

4. The parties do not believe that the case is suitable for Court-directed ADR at this time.

5. The parties do not consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

6. Recommended Discovery Plan:

    (a) Describe the subjects on which discovery is to be sought and the nature and extent of discovery.

    <u>The Browns</u>: The Browns anticipate the need to conduct discovery on the Lease by Way of Concession (the "Lease"), Stadium Financing Agreement, and Franchise Commitment Agreement, and any other agreements related to the Browns' lease of the lakefront stadium today called Huntington Bank Field; the parties' performance under those agreements; the circumstances surrounding the enactment of R.C. 9.67 (the "Modell Law"); the City's efforts to enforce the Modell Law; and the Modell Law's effects on in-state and out-of-state economic interests including as they relate to the Browns' financial relationships with the NFL and other NFL Franchises and their owners. The Browns expect that this discovery will consist of requests for production and interrogatories and approximately three to five depositions, including potentially Rule 30(b)(6) depositions. Consistent with a standard-track

case schedule, the Browns expect that such discovery can be reasonably completed within three to four months.

The City's assertion (below) that the Browns "refused to discuss the scope of discovery during the August 20, 2025, planning meeting" is inaccurate. Counsel for the Browns stated, consistent with the Browns' position above, that the Browns expected discovery could be completed in three to four months and that discovery would relate to the issues and factual allegations raised by the pleadings.

<u>The City</u>: Discovery is unnecessary in this action. The Second Amended Complaint raises only the issue of the Modell Law's constitutionality—a purely legal issue that raises no factual questions and requires no discovery. Moreover, the constitutional question is not one the Court should take on, which will be addressed in the City's forthcoming motion, submitted pursuant to the Court's August 15, 2025 scheduling order (Dkt. 58). The Browns refused to discuss the scope of discovery during the August 20, 2025, planning meeting, so City has not been able to evaluate the Browns' rationale for their position on the reasonableness of or the need for discovery in this case. On its face, the discovery in the Browns' section of this report seems wholly unrelated to the claims in the Second Amended Complaint.

<u>The State</u>: The State of Ohio's position is that the Browns' claims related to R.C. 9.67 are moot, that no discovery is necessary, and that this case should be dismissed.

   (b) Discovery cut-off date: December 19, 2025.
7. Recommended dispositive motion date: February 6, 2026.

8. Recommended cut-off date for amending the pleadings and/or adding additional parties: The Browns propose December 19, 2025; the City proposes September 26, 2025.

9. Recommended date for a Status Hearing: November 12, 2025.

10. Other matters for the attention of the Court:  None at this time.

    On behalf of the State of Ohio:  In the State's biennial budget bill, the 136th Ohio General Assembly amended R.C. 9.67 such that it no longer applies to the Browns' proposed move to Brook Park.  The new version of R.C. 9.67, effective September 30, 2025, applies retroactively.  Newly-amended R.C. 9.67 is not subject to a challenge under Ohio Const. Art. II, § 28, as Ohio's retroactivity clause does not apply to protect the State or its political subdivisions.  *Toledo City Sch. Dist. Bd. of Educ. v. State Bd. of Educ. of Ohio*, 146 Ohio St.3d 356 (2016).  Any questions that might arise regarding the retroactivity of newly-amended R.C. 9.67 belong in state court.  Such questions would provide just one more reason why the Court should dismiss this case on abstention grounds.  In the alternative, the State intends to ask this Court to certify any state-law retroactivity questions to the Supreme Court of Ohio pursuant to Ohio Sup.Ct.Prac.R. 9.01(A).  Should that happen, discovery will not be necessary in this cause until and unless the Supreme Court of Ohio holds that the newly-amended R.C. 9.67 does not or cannot apply retroactively.  Finally, the Browns listed Ohio Attorney General Dave Yost in their initial disclosures as having discoverable information as to the constitutionality of R.C. 9.67.  Constitutional questions are for this Court to decide, and that particular one is moot.  Regardless, the Browns refused to disavow efforts to obtain a deposition or other discovery from Attorney General Yost. The State brings to this Court's attention that a discovery dispute will arise if the Browns attempt to move forward with such unreasonable discovery.

11. Preliminary estimate of the amount of anticipated attorney's fees and expenses pursuant to statutory authority:

The Browns have claimed as relief an award of "their costs and attorneys' fees pursuant to 42 U.S.C. § 1988." *See* Second Amended Complaint (Doc. 41) at 29. Given the early stage of these proceedings, the Browns are not in a position to estimate the amount of attorney's fees and expenses to which they might be entitled under 42 U.S.C. § 1988.

Respectfully submitted,

*/s/ Anthony C. White*
Anthony C. White (0062146)
Robert F. Ware (0055515)
Kip T. Bollin (0065275)
Thomas M. Ritzert (0085370)
Kyle A. Hutnick (0095673)
THOMPSON HINE LLP
3900 Key Center
127 Public Square
Cleveland, OH 44114
Phone: (216) 566-5500
Fax: (216) 566-5800
Tony.White@ThompsonHine.com
Rob.Ware@ThompsonHine.com
Kip.Bollin@ThompsonHine.com
Thomas.Ritzert@ThompsonHine.com
Kyle.Hutnick@ThompsonHine.com

William Savitt (*pro hac vice*)
Bradley R. Wilson (*pro hac vice*)
Anitha Reddy (*pro hac vice*)
Adam M. Gogolak (*pro hac vice*)
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, NY 10019
Phone: (212) 403-1000
Fax: (212) 403-2000
WDSavitt@wlrk.com
BRWilson@wlrk.com
AReddy@wlrk.com
AMGogolak@wlrk.com

*Attorneys for Plaintiffs*

and

*/s/ Tracy K. Stratford*
Justin E. Herdman (0080418)
Tracy K. Stratford (0069457)
James R. Saywell (0092174)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190
Phone: (216) 586-7108
Fax: (216) 579-0212
Email: jherdman@jonesday.com
tkstratford@jonesday.com
jsaywell@jonesday.com

Mark D. Griffin (0064141)
Director of Law
City of Cleveland, Department of Law
601 Lakeside Avenue, Room 106
Cleveland, Ohio 44114-1077
Tel: (216) 664-2800
Email: MGriffin@clevelandohio.gov

*Attorneys for Defendants*


DAVE YOST
OHIO ATTORNEY GENERAL

*/s/ Bridget C. Coontz*
Bridget C. Coontz (0072919)
Chief Counsel and Ethics Officer
Samuel C. Peterson (0081342)
Deputy Solicitor General
30 East Broad Street, 17th Floor
Columbus, Ohio 43215
Tel: 614-728-2035
bridget.coontz@OhioAGO.gov
Samuel.peterson@ohioago.gov

*Attorneys for Intervenor-Defendant*

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing was filed electronically on September 5, 2025, and counsel of record will receive a notice of filing through the Court's electronic filing system in accordance with Fed. R. Civ. P. 5(b)(2)(E) and this Court's Local Rules.

                                          */s/ Anthony C. White*
                                          Anthony C. White (0062146)

                                          *One of the Attorneys for Plaintiffs*